IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. 10-cv-6016 |
| vs. | |
| BAXTER INTERNATIONAL INC., ROBERT L. PARKINSON, ROBERT M. DAVIS and NORBERT G. REIDEL, | |
| Defendants. | |

## MOTION FOR REASSIGNMENT BASED ON RELATEDNESS

North Miami Beach General Employees Retirement Fund and Julie Weintraub, ("Derivative Plaintiffs"), by their counsel, pursuant to Local Rule 40.4(c) of the Rules of the United States District Court for the Northern District of Illinois ('Local Rule"), respectfully request that this Court make a finding, pursuant to Local Rule 40.4, that their case is related to the above-caption action as defined by Local Rule 40.4(a), and that the requirements under Local Rule 40.4(b) for reassignment are met. In support of this motion, Derivative Plaintiffs state:

1. On September 21, 2010, the City of Lakeland Employees Pension Plan ("Lakeland Plan"), filed a securities class action on behalf of all persons who purchased or acquired the common stock of Baxter International Inc. ("Baxter" or the "Company") between September 17, 2009 and May 3, 2010 ("Class Period"). Lakeland Plan alleges that Baxter and certain of its officers and directors violated the Securities and Exchange Act of 1934 for the

dissemination of materially false and misleading statements during the Class Period regarding the Company's plasma-derivative products business and its failure to comply with the terms of the June 2006 Consent Decree Baxter entered into with the U.S. Food and Drug Administration ("FDA") pertaining to its Colleague Volumetric Infusion Pump. As a result of the defendants' false and misleading statements, the Company's stock traded at artificially inflated prices during the Class Period. When the defendants disclosed the truth about Baxter's actual business prospects going forward, the Company's stock price fell nearly 27% from its Class Period high, causing real economic loss to investors who had purchased the stock during the Class Period. A copy of the *City of Lakeland Employees Pension Plan* Complaint is attached as Exhibit A.

2. On October 12, 2010, the Derivative Plaintiffs filed a Verified Stockholders' Derivative Complaint, case number 10-cv-6514, seeking relief on behalf of and for the benefit of Baxter against Baxter's Board of Directors (the "Director Defendants") and certain executives for breaches of fiduciary duty arising from their gross and reckless mismanagement, and acts of corporate waste in connection with Baxter's violations of federal laws and regulations governing the manufacturing and distribution of the Colleague Volumetric Infusion Pump and the Syndeo Patient Controlled Analgesic Syringe Pump (collectively, the " Pumps"). The Derivative Plaintiffs allege that the Director Defendants' conduct has caused, and will continue to cause, Baxter to incur millions of dollars in damages and expenses and loss revenue. A copy of the *North Miami Beach General Employees Retirement Fund* Complaint is attached as Exhibit B.

3. Local Rule 40.4(c) provides that a motion for reassignment based on relatedness may be filed by any party to a case. Local Rule 40.4(a) provides that two or more civil cases may be related if one or more of the following conditions are met:

    (1)    the cases involve the same property;

    (2)    the cases involve some of the same issues of fact or law;

2

(3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the cases is or are the same.

4. Only one of the four definitions of "related" need be met under Local Rule 40.4(a) in order for cases to be deemed related; in this case three of the four definitions have been met. Both the derivative and class action involve the same property, Baxter. (Local Rule 40.4(a)(1)) Both cases share a number of common issues of fact from which the Court must make factual determinations to resolve legal issues, *i.e.*, the Company compliance with federal law and regulations governing the manufacture and distribution of the Pumps and the conduct of, and disclosures made by, the Board and Baxter executives. (Local Rule 40.4(a)(2)) Finally, both actions arise from the same transactions or occurrences, *i.e.*, the problems concerning the Pumps which led the government to sue Baxter resulting in the Company entering into the Consent Decree. (Local Rule 40.4(a)(3)

5. Under Local Rule 40.4(b), the conditions for reassignment have also been met. Local Rule 40.4(b) provides that a case may be reassigned to the calendar of another judge if it is found to be related to an earlier numbered case assigned to that judge if each of the following criteria is met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

6. Each of the conditions is satisfied for the derivative and class action. Local Rule 40.4(b)(1) is satisfied since both actions are pending in the Northern District of Illinois.

3

7. With respect to Local Rule 40.4(b)(2), the reassignment of the Derivative Plaintiffs' case is likely to result in substantial saving of judicial time and effort since one judge will be able to adjudicate two cases based on the same nucleus of facts and common defendants, which will involve similar discovery. Reassignment places the entire universe of relevant facts before a single judge, ensuring consistency and efficiency, and resulting in a substantial saving of judicial time and effort.[1]

8. Consistent with Local Rule 40.4(b)(3), the actions have not progressed to the point where designating these cases as related would likely delay the proceedings in the earlier filed action. In the class action, the earlier filed action, no responsive pleading or motion has been filed, and the initial status hearing is set for December 10, 2010. In the *North Miami Beach General Employees Retirement Fund* case, Waivers of Service have been executed by most of the defendants, but no responsive pleading or motion has been filed. No initial status hearing has been set.

7. Finally, in accordance with Local Rule 40.4(b)(4), given the related nature of the interests of all parties to the transaction at issue in both cases, the cases are susceptible of disposition in a single proceeding.

WHEREFORE, for the foregoing reasons, the Derivative Plaintiffs respectfully request that this Court:

1) make a finding that the referenced action, *North Miami Beach General Employees Retirement Fund, v. Robert L. Parkinson, et. al*, 10-cv-6514 (Judge Coar) is

---

[1] Derivative Plaintiffs are familiar with *Lawrence E. Jaffe Pension Plan, v. Household International, Inc.*, Civ. No 02 C 5893, 2003 U.S. Dist. LEXIS 7466, (N.D.Ill. May 2, 2003) and *Hollinger International, Inc. v. Hollinger Inc.*, 2004 U.S. Dist. LEXIS 7883 (N.D. Ill. May 3, 2004). However, these cases are non-binding on and factually dissimilar from the case at bar. Neither *Lawrence Jaffe* nor *Hollinger* considers the propriety of reassignment where, as exists in this case, the legal issues before the court in each case arise out of the same actions, occurrences, and factual history.

related to *City of Lakeland Employees Pension Plan v. Baxter International, Inc.* *10-cv-6016* pursuant to Local Rule 40.4(a),

2) make a finding that the conditions for reassignment have been satisfied pursuant to Local Rule 40.4(b), and

3) grant this Motion for Reassignment Based on Relatedness pursuant to Local Rule 40.4(c).

Dated: November 3, 2010                                   Respectfully submitted,

                                                          North Miami Beach General Employees
                                                          Retirement Fund and Julie Weintraub

                                                          By: ___/s/ Norman Rifkind____


LASKY & RIFKIND, LTD.
Norman Rifkind
Leigh Lasky
Amelia S. Newton
Heidi VonderHeide
350 N. LaSalle Street, Suite 1320
Chicago, IL 60654
Telephone: 312/-634-0057
Fax: 312/634-0059

SPECTOR ROSEMAN KODROFF
 & WILLIS, P.C.
Robert M. Roseman
Mark S. Willis
Andrew D. Abramowitz
Daniel J. Mirachi
1818 Market Street, 25th Floor
Philadelphia, PA 19103
Telephone: 215.496.0300
Fax: 215.496.6611

LAW OFFICE OF BERNARD M. GROSS, P.C.
Deborah R. Gross
Robert P. Frutkin
100 Penn Square East, Suite 450
Philadelphia, pA 19107
Telephone: 215.561.3600

Law Offices Of James Orman
James Orman
1845 Walnut Street, 15th Floor
Philadelphia, PA 19103
Telephone: 215.523.7800


*Attorneys for North Miami Beach
General Employees Retirement Fund
and Julie Weintraub*