UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BAXTER INTERNATIONAL INC., ROBERT L. PARKINSON, JR., ROBERT M. DAVIS and NORBERT G. RIEDEL,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Case No. 10 C 6016<br>)<br>)<br>)<br>) Hon. Sharon Johnson Coleman<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR REASSIGNMENT OF RELATED ACTION

Louisiana Municipal Police Employees' Retirement System ("LAMPERS"), plaintiff in *LAMPERS v. Parkinson, et al.*, No. 1:10-cv-07317 (pending before the Honorable James B. Zagel) (the "*LAMPERS* action"), respectfully requests that this Court enter an Order reassigning the *LAMPERS* action to this Court pursuant to Local Rule 40.4, because the *LAMPERS* action is related to the above-captioned action pending before this Court. In support of this Motion, LAMPERS states as follows:

1. On September 21, 2010, the City of Lakeland Employees Pension Plan ("Lakeland"), filed the instant securities class action on behalf of all persons who purchased or acquired the common stock of Baxter International Inc. ("Baxter" or the "Company") between September 17, 2009 and May 3, 2010 (the "Class Period"). Lakeland alleges that Baxter and certain of its officers and directors violated the Securities and Exchange Act of 1934 for the dissemination of materially false and misleading statements during the Class Period regarding the Company's plasma-derivative products business and its failure to comply with the terms of the June 2006 Consent Decree Baxter

entered into with the U.S. Food and Drug Administration ("FDA") pertaining to its Colleague® infusion pump. *See* Lakeland's complaint, docket no. 1. As a result of the defendants' false and misleading statements, the Company's stock traded at artificially inflated prices during the Class Period. When the defendants disclosed the truth about Baxter's actual business projects going forward, the Company's stock price fell nearly 27% from its Class period high, causing real economic loss to investors who had purchased the stock during the Class Period.

2. On October 12, 2010, plaintiffs North Miami Beach General Employees Retirement Fund ("North Miami") and Julie Weintraub filed a derivative action on behalf of Baxter, entitled *North Miami Beach General Employees Retirement Fund, et al. v. Parkinson, et al.*, No. 10-cv-6514 (N.D. Ill.) (pending before the Honorable David H. Coar) (the "*North Miami* action"). Plaintiffs in the *North Miami* action, which seeks relief on behalf of and for the benefit of Baxter against certain directors and officers for breaches of fiduciary duty and corporate waste in connection with Baxter's violations of federal laws and regulations governing the manufacturing and distribution of the Colleague® infusion pump and the Syndeco® patient-controlled analgesia syringe pump, filed a similar motion to reassign the *North Miami* action to this Court based on relatedness. *See* docket no. 11. This motion is currently pending before the Court.[1]

3. On November 12, 2010, LAMPERS filed the *LAMPERS* action, which arises from substantially the same facts as the instant matter and the *North Miami* action. *See LAMPERS* complaint, attached hereto as Exhibit 3. In particular, Defendants are alleged to have caused the

---

[1] Two additional related actions arising from the same facts are currently pending in the Northern District of Illinois: an additional securities fraud class action, *Gregory v. Baxter International, Inc., et al.*, No. 10-cv-7149 (Bucklo, J.) (filed 11/05/10) and an additional shareholder derivative action, *Salyers v. Boomer, et al.*, No. 10-cv-7131 (Marovich, J.) (filed 11/4/10). Copies of the complaints filed in the *Gregory* and *Salyers* actions are attached hereto as Exhibits 1 and 2, respectively. None of the parties in these actions, however, have to date filed motions for reassignment based on relatedness with this Court. *LAMPERS* respectfully suggests to the Court that these actions, too, should be reassigned to the Court as related actions.

Company to issue materially false and misleading statements regarding the Company's Colleague® infusion pump. Infusion pumps are devices that deliver fluids, including nutrients and medications, into a patient's body in a controlled manner. They are widely used in hospitals, other clinical settings, and increasingly, in the home because they allow a greater level of accuracy in fluid delivery. Defendants caused the Company to violate a June 2006 Consent Decree with the FDA requiring changes in the design of the pumps to make them minimally acceptable from a safety standpoint. Eventually, the Company's failure to correct the design flaws—placing human life at risk—required it to recall *and* destroy all of the Colleague® infusion pumps in the market. The pumps had provided a major source of revenue to Baxter. Defendants caused the Company to continue to market the pumps in spite of the fact that the FDA, even after the Consent Decree, repeatedly warned it and required it to make design changes in the pump to prevent failure and cause premature death to patients. Defendants disregarded these warnings, and the threat to human life that they entailed, in their pursuit of profits for the Company at any cost. As for the Company, on whose behalf LAMPERS now seeks relief, its reputation will be tarnished for the foreseeable future by Defendants' having placed human lives on the line in this fashion.

    4.    In addition, the *LAMPERS* complaint alleges that, during the relevant period, the Defendants knew the true operating condition of the Company but concealed from Baxter shareholders, including LAMPERS, the following facts:

    (a)    supplies of plasma were increasing while prices were decreasing, placing Baxter's sustained earning capacity in jeopardy;

    (b)    Baxter's increase in market share and gross profit margin while a competitor's merger was pending was only temporary and the Company was incapable of sustaining the benefits once the merger failed;

    (c)    Baxter's 2010 earning outlook was overstated;

3

  (d) the Company was experiencing a loss in market share despite informing shareholders that the Company was expecting growth in all divisions; and

  (e) Baxter was in violation of its 2006 Consent Decree with the FDA, ultimately causing the May 3, 2010 recall which damaged the intrinsic value of the Company's stock.

5. Local Rule 40.4(a) provides that cases are related if one or more of the following conditions are present:

  (a) the cases involve the same property;

  (b) the cases involve some of the same issues of fact or law;

  (c) the cases grow out of the same transaction or occurrence; or

  (d) in class suits, one or more of the classes in the cases is or are the same.

6. Rule 40.4(b) further provides that such related cases may be reassigned if four criteria are met:

  (a) the cases are pending in this Court;

  (b) the handling of the cases by the same judge is likely to result in a substantial saving of judicial time and effort;

  (c) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

  (d) the cases are susceptible of disposition in a single proceeding.

7. Local Rule 40.4's requirements are plainly met here.

8. Rule 40.4(a)'s requirements are satisfied. The instant action, the *North Miami* action, and the *LAMPERS* action involve the same property—namely, Baxter. Additionally, all of the cases share a number of common issues of fact from which the Court must make factual determinations to resolve legal issues, *e.g.*, the Company's compliance with federal law and regulations governing the manufacture and distribution of its Colleague® infusion pumps and the conduct of, and disclosures

made by, Baxter's directors and officers. Further, all three actions arise from the same transactions or occurrences, *i.e.*, the problems concerning Baxter's pumps which led the FDA to sue Baxter resulting in the Company entering into the Consent Decree, and the issuance of materially false and misleading statements regarding the Company's Colleague® infusion pump.

9. Rule 40.4(b)'s requirements are also satisfied. All of the actions at issue can be reassigned by this Court, as they are currently pending in the Northern District of Illinois. The reassignment of the *LAMPERS* action (and the *North Miami* action) is likely to result in substantial saving of judicial time and effort since one judge will be able to adjudicate the multiple cases based on the same nucleus of facts and common defendants, which will consequently involve similar, overlapping discovery. Whether the actions were brought by securities holders seeking relief under the federal securities laws or shareholders suing derivatively on behalf of Baxter, the overlap of factual matters at issue—namely, facts related to the Company's compliance with federal law and regulations governing the manufacture and distribution of its Colleague® infusion pumps and the conduct of, and disclosures made by, Baxter's directors and officers—guarantee that all of the actions will focus on a significant number of common events, defendants, and/or witnesses.[2] Reassignment places the entire universe of relevant facts before a single judge and would eliminate duplicative discovery—particularly the extensive discovery anticipated to be propounded on the Company. Reassignment will also prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary, resulting in a substantial saving of judicial time and effort. Indeed, that the handling of related securities and derivative cases by one Court results in a

---

[2] Indeed, even though there is a limited amount of overlap of defendants between the instant case and the *LAMPERS* action, due to the overlap of factual issues at stake, the testimony of and discovery from all of those involved, including all of the named defendants in this and the *LAMPERS* actions, will undoubtedly be required to resolve both actions.

substantial saving of judicial time and effort is recognized by the Judicial Panel on Multidistrict Litigation, which routinely consolidates securities and related derivative actions for pretrial purposes. *See e.g., In re Nat. City Corp. Sec., Deriv. & "ERISA" Litig.*, 588 F. Supp. 2d 1362, 1363 (J.P.M.L. 2008); *In re Fed. Nat. Mort. Ass'n Sec., Deriv. & "ERISA" Litig.*, 370 F. Supp. 2d 1359, 1361 (J.P.M.L. 2005); *In re Janues Mut. Funds Inc. Litig.*, 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004); *In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002).

10. Also, the actions have not progressed to the point where designating these cases as related would likely delay the proceedings in the earlier filed action. Indeed, responsive pleadings have yet to be filed in any of the Baxter-related actions pending in N.D. Ill. Indeed, the initial status conference in the current action is set for a few weeks away – on December 17, 2010. Re-assignment of the *LAMPERS* action at this early stage of the litigation, therefore, would not delay prosecution of the current action.

11. Finally, the cases are susceptible of disposition in a single proceeding, given the overlap of the factual and legal matters at issue. Regardless of the differing legal theories and standards in the instant securities case and the *LAMPERS* derivative action, resolution of the many overlapping factual allegations in the complaints at issue, *e.g.*, those allegations regarding the Company's compliance with federal law and regulations governing the manufacture and distribution of its Colleague® infusion pumps and the conduct of, and disclosures made by, Baxter's directors and officers, can be accomplished by this Court in consolidated and/or coordinated proceedings. *See, e.g., In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, No. 09 MD 2058(PKC), 2010 WL 3448194 (S.D.N.Y. Aug. 27, 2010) (court issued one memorandum and order regarding various motions to dismiss the consolidated securities complaint and the consolidated derivative complaint);

accord *In re Nat. City Corp.*, 588 F. Supp. 2d 1362 (ordering coordinated proceedings of securities and derivative actions); *In re Fed. Nat. Mort. Ass'n*, 370 F. Supp. 2d 1359 (same); *In re Janues Mut. Funds*, 310 F. Supp. 2d 1359 (same); *In re Enron Corp.*, 196 F. Supp. 2d 1375 (same).

WHEREFORE, for the foregoing reasons, LAMPERS respectfully requests that this Court grant its Motion and reassign the *LAMPERS* action to this Court.

Dated: November 23, 2010               Respectfully submitted,

**SUSMAN HEFFNER & HURST LLP**

By:   */s/ Matthew T. Heffner*
Matthew T. Heffner
20 South Clark Street, Suite 600
Chicago, Illinois 60603
Telephone: (312) 346-3466
Facsimile: (312) 346-2829

**KAHN SWICK & FOTI, LLC**
Lewis S. Kahn (*pro hac vice* application pending)
*lewis.kahn@ksfcounsel.com*
Albert M. Myers (*pro hac vice* application to be filed)
*albert.myers@ksfcounsel.com*
Melinda A. Nicholson
       (*pro hac vice* application pending)
*melinda.nicholson@ksfcounsel.com*
206 Covington Street
Madisonville, Louisiana 70477
Telephone: (504) 455-1400
Fax: (504) 455-1498

7

**BRANNON LAW FIRM, LLC**
Paul M. Brannon (*pro hac vice* application to be filed)
*PMB@BrannonLawFirm.com*
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8677
Fax: (504) 456-8624

*Attorneys for Louisiana Municipal Police Employees' Retirement System*