# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 10-cv-6016 |
| Plaintiff, | Hon. Sharon Johnson Coleman |
| v. | Hon. Sidney I. Schenkier |
| BAXTER INTERNATIONAL INC., ROBERT L. PARKINSON JR., ROBERT M. DAVIS and NORBERT G. RIEDEL, | |
| Defendants. | |

## DEFENDANTS' MOTION FOR REASSIGNMENT BASED ON RELATEDNESS

Pursuant to Local Rule 40.4, defendants respectfully move the Court to reassign a related case to this Court's docket. In support of this motion, defendants state as follows:

1. The above-captioned action, filed on September 21, 2010, is a putative securities fraud class action purportedly brought on behalf of purchasers of the common stock of Baxter International Inc. ("Baxter"). The complaint names as defendants Baxter, Baxter's CEO Robert L. Parkinson, Jr., Baxter's former CFO Robert M. Davis, and Baxter's Chief Scientific Officer Norbert G. Riedel,

2. On November 5, 2010, a different plaintiff filed a substantially identical securities fraud class action against Baxter, and Messrs. Parkinson and Davis, captioned *Gregory v. Baxter International Inc., et al.*, No. 10-cv-7149. The *Gregory* case was assigned to the Honorable Elaine E. Bucklo. A copy of the *Gregory* complaint is attached hereto as Exhibit A.

3. The instant action and the *Gregory* action are related cases within the meaning of Local Rule 40.4(a), in that:

(a) both actions are putative class actions purportedly brought on behalf of a class of all persons who purchased Baxter common stock during the period from September 16, 2009 (in the case of *Gregory*) or September 17, 2009 (in this case), through and including May 3, 2010;

(b) defendants in both actions are identical (except that this action names one additional defendant, Norbert G. Riedel);

(c) plaintiffs in both actions allege that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by making false and misleading statements about: (1) Baxter's plasma-derived products business; and (2) Baxter's efforts to correct problems with its Colleague Infusion Pumps; and

(d) plaintiffs in both actions seek damages on behalf of the purported class.

4. In addition, each of the four conditions for reassignment set forth in Local Rule 40.4(b) are met, in that:

(a) both actions are pending in this district;

(b) the handling of both actions by one judge is likely to result in a substantial saving of judicial time and effort, since the two complaints are virtually identical;

(c) the only proceedings that have taken place in either court are that: (1) on November 3, 2010, plaintiffs in a pending shareholder derivative suit in this district captioned *North Miami Beach General Employees Retirement Fund v. Robert L. Parkinson, Jr., et al.*, No. 10-cv-6514, moved for reassignment of that case to this Court's docket, and on November 22, 2010, defendants filed an opposition to the motion on the ground that a shareholder derivative suit and a securities fraud class action do not meet the criteria of Local Rule 40.4(b) for reassignment; and (2) on November 23, 2010, plaintiffs in another pending shareholder derivative suit in this district captioned *Louisiana Municipal Police Employees' Retirement*

*System v. Robert L. Parkinson, Jr., et al.,* No. 10-cv-7317, filed a motion to reassign that case to this Court's docket, which motion defendants intend to oppose; and

(d) this action and the *Gregory* securities fraud class action are capable of disposition in a single proceeding because the cases are identical in all material respects and, on November 22, 2010, plaintiffs in this action filed a motion (albeit premature) to consolidate this action and the *Gregory* action and to appoint lead counsel.

WHEREFORE, defendants respectfully request that the Court reassign the *Gregory* action to this Court's docket pursuant to Local Rule 40.4.

Dated: November 23, 2010

Respectfully submitted,

*/s/Matthew R. Kipp*
Matthew R. Kipp
Donna L. McDevitt
Andrew J. Fuchs
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel for Defendants

# CERTIFICATE OF SERVICE

Matthew R. Kipp, an attorney, hereby certifies that on November 22, 2010, he caused true and correct copies of the foregoing Defendants' Opposition to Motion for Reassignment to be served via the Court's electronic filing system on the following attorneys of record in this action:

>Marvin A. Miller, Esq.
>Matthew E. Van Tine, Esq.
>Lori A. Fanning, Esq.
>MILLER LAW LLC
>115 S. LaSalle Street, Suite 2910
>Chicago, IL  60603
>
>Darren J. Robbins, Esq.
>David C. Walton, Esq.
>Catherine J. Kowalewski, Esq.
>ROBBINS GELLER RUDMAN & DOWD LLP
>655 West Broadway, Suite 1900
>San Diego, CA  92101
>
>David J. George, Esq.
>ROBBINS GELLER RUDMAN & DOWD LLP
>120 East Palmetto Park Road, Suite 500
>Boca Raton, FL  33432
>
>Robert Sugarman, Esq.
>SUGARMAN & SUSSKIND
>100 Miracle Mile, Suite 300
>Coral Gables, FL  33134

and U.S. mail on the following counsel for plaintiffs in *Gregory v. Baxter International Inc., et al.*, No. 10-cv-7149:

>Gary L. Specks, Esq.
>KAPLAN FOX & KILSHEIMER LLP
>423 Sumac Road
>Highland Park, IL  60035

Frederic S. Fox, Esq.
Donald R. Hall, Esq.
Jeffrey P. Campisi, Esq.
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY   10022


　　　　　　　　*/s/Matthew R. Kipp*　　　　　　　　　
　　　　　　　Matthew R. Kipp