# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> BAXTER INTERNATIONAL INC., ROBERT L. PARKINSON, JR., ROBERT M. DAVIS, and NORBERT G. RIEDEL, <br><br> Defendants. | Civil Action No. 10 C 6016 <br><br> Hon. Sharon Johnson Coleman |

[Additional caption on the next page]

**PLAINTIFF PATRICIA SALYERS'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION FOR REASSIGNMENT**

| | |
|---|---|
| PATRICIA SALYERS, derivatively on behalf of Nominal Defendant BAXTER INTERNATIONAL INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| WALTER E. BOOMER, BLAKE E. DEVITT, JOHN D. FORSYTH, GAIL D. FOSLER, JAMES R. GAVIN III, PETER S. HELLMAN, WAYNE T. HOCKMEYER, JOSEPH B. MARTIN, ROBERT L. PARKINSON, CAROLE J. SHAPAZIAN, THOMAS T. STALLKAMP, K. J. STORM, ALBERT P.L. STROUCKEN, ROBERT M. DAVIS, NORBERT G. RIEDEL, and DOES 1-20, | ) ) ) ) ) ) Civil Action No. 10 C 7131 ) ) Honorable George M. Marovich ) ) ) ) ) |
| Defendants, | ) ) |
| - and - | ) ) |
| BAXTER INTERNATIONAL INC., | ) ) |
| Nominal Defendant. | ) |

## I. INTRODUCTION

Baxter International Inc.'s stock price dropped from over $60 to approximately $45 per share in a matter of months in 2010. The events causing the drop began in 2009 when Baxter's officers and directors (collectively, "Defendants") issued false and misleading statements regarding:

(1) Baxter's revenue guidance for its plasma-derivative products; and

(2) Baxter's failure to comply with a 2006 consent decree for its infusion pumps.

These untrue statements artificially inflated the price of Baxter stock. In her shareholder derivative action, Plaintiff Patricia Salyers seeks damages on Baxter's behalf against Defendants resulting from Baxter's repurchase of over $1.4 billion of its stock at artificially inflated prices.

Because the same untrue statements also give rise to *City of Lakeland Employees Pension Plan v. Baxter International Inc.*, No. 10 C 6016, a securities fraud class action pending before this Court, Ms. Salyers moves for reassignment of her action to this Court under Local Rule 40.4. Local Rule 40.4(a)'s "relatedness" requirement is satisfied given the identical allegations of Baxter's untrue statements in both the *Salyers* and *Lakeland* complaints. These common, core allegations render *Salyers* and *Lakeland* susceptible to resolution in a single proceeding under Local Rule 40.4(b). And reassignment of *Salyers* will result in the substantial savings of judicial time and effort. The Court should therefore grant Ms. Salyers's motion.

## II. STATEMENT OF FACTS

To resolve the central issue in Ms. Salyers's motion – whether *Salyers* and *Lakeland* are susceptible of disposition in a single proceeding – a review of the similarities between *Salyers* and *Lakeland* is in order.

### A. The *Lakeland* Securities Fraud Action

*Lakeland* seeks damages on behalf of a class of persons who purchased or otherwise acquired Baxter common stock between September 17, 2009 and May 3, 2010. According to the *Lakeland* complaint, Baxter and three of its senior officers – Defendants Robert L. Parkinson, Robert M. Davis, and Norbert G. Riedel – disseminated false and misleading statements about two aspects of Baxter's business. First, these Defendants falsely assured the investing public that the gross margin for Baxter's plasma-derivative products would continue to improve. *E.g*., Declaration of Albert Y. Chang ("Chang Decl.") Ex. B ¶¶ 3, 63, 66. Second, these Defendants failed to disclose that Baxter failed to comply with a consent decree from the Food and Drug Administration ("FDA") relating to Baxter's Colleague infusion pump. *Id*.

These false and misleading statements caused Baxter stock to trade at inflated prices. *Id*. When the truth emerged, Baxter's stock price declined from over $60 to approximately $45 per share. *Id*. ¶¶ 3-7. According to the *Lakeland* complaint, the class members are entitled to damages resulting from the price decline under the Securities Exchange Act of 1934 (the "Exchange Act"). *Id*. ¶¶ 3, 61-66.

### B. The *Salyers* Derivative Action

Arising from similar events alleged in *Lakeland*, *Salyers* seeks damages on Baxter's behalf resulting from Baxter's purchases of its own stock at inflated prices. Chang Decl. Ex. A ¶¶ 3-8. In fact, the *Salyers* complaint alleges the same false and misleading statements that allegedly inflated Baxter's stock price in *Lakeland*. *Compare id*. ¶¶ 48-62 *with* Chang Decl. Ex. B ¶¶ 38-53. The *Salyers* complaint asserts a securities fraud claim arising from Baxter's repurchase of over $1.4 billion of its stock at artificially inflated prices. Chang Decl. Ex. A ¶¶ 112-24.

The *Salyers* complaint also alleges that Defendants breached their fiduciary duties from September 2009 to the present by causing Baxter to violate the consent decree and issue false and misleading statements about Baxter's plasma-derivative products and the Colleague infusion pump. *Id*. ¶¶ 1, 3-8. These allegations of misconduct give rise to nine counts, including the securities fraud claims and common law claims, such as breach of fiduciary duty, insider selling, unjust enrichment, and corporate waste.[2] *Id*. ¶¶ 112-61.

---

[2] Pending in this District are two other related shareholder derivative actions: *North Miami Beach General Employees Retirement Fund v. Parkinson*, No. 10 C 6514 (before the Honorable David H. Coar), and *Louisiana Municipal Police Employees' Retirement System v. Parkinson*, No. 10 C 7317 (before the Honorable James B. Zagel) ("*LAMPERS*"). Plaintiffs in both *North Miami* and *LAMPERS* have moved for reassignment of their cases. *See Lakeland* Dkt. Nos. 11, 28. Although plaintiffs in *North Miami* and *LAMPERS* have failed to allege securities fraud claims, the Court should reassign those cases because they are related to *Salyers*.

### III. LEGAL STANDARD

This Court has broad discretion to determine whether to reassign a case under Local Rule 40.4. *Clark v. Ins. Car Rentals, Inc.*, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999). Reassignment is appropriate if two conditions – "relatedness" and "efficiency" – are met. First, the underlying cases are "related" if they involve "some of the same issues of fact or law" or "grow out of the same transaction or occurrence." L.R. 40.4(a). Second, the reassignment promotes efficiency if: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. L.R. 40.4(b). As discussed below, both "relatedness" and "efficiency" are present here.

### IV. ARGUMENT

#### A. *Salyers* And *Lakeland* Are Related Under Local Rule 40.4(a)

With respect to "relatedness," *Salyers* and *Lakeland* share common "issues of fact or law" and "grow out of the same transaction or occurrence." *See* L.R. 40.4(a). In fact, the finding of "relatedness" is not subject to dispute. *See Lakeland* Dkt. No. 22 at 2-3 (opposing reassignment of *North Miami* without disputing the "relatedness" between *Lakeland* and the derivative case).

Specifically, the *Salyers* complaint alleges the same false and misleading statements that allegedly caused the inflation of Baxter's stock price in *Lakeland*. *Compare* Chang Decl. Ex. A ¶¶ 48-62 *with* Chang Decl. Ex. B ¶¶ 38-53. Both

4

*Salyers* and *Lakeland* involve securities fraud claims under the Exchange Act. These common, core allegations between *Salyers* and *Lakeland* compel a finding of "relatedness" under Local Rule 40.4.  *See*, *e.g.*, *Palomares v. Second Fed. Sav. & Loan Assoc. of Chicago*, No. 10 C 6124, 2010 U.S. Dist. LEXIS 118990, at **8-9 (N.D. Ill. Nov. 9, 2010) (Coleman, J.) (finding "relatedness" based on overlapping events); *Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 U.S. Dist. LEXIS 26297, at *7 (N.D. Ill. Nov. 25, 2002) (Kennelly, J.) (holding that Local Rule 40.4 "does not require complete identity of issues in order for cases to be considered related").

> **B.** ***Salyers* And *Lakeland* Are Susceptible Of Disposition In A Single Proceeding Under Local Rule 40.4(b) And Reassignment Of *Salyers* Will Result In Substantial Savings Of Judicial Resources**

With respect to the efficiency requirement, Ms. Salyers meets her burden to establish each of the four prongs under Local Rule 40.4(b).  At the outset, prongs (1) and (3) of Local Rule 40.4(b) are present because, as evident in the dockets, both *Salyers* and *Lakeland* have been pending in this District for a short time and without any discovery or motion practice on the merits.

Moreover, prong (4) is met because both *Salyers* and *Lakeland* involve securities fraud claims arising from the same events.  Both complaints identify the same false and misleading statements concerning Baxter's plasma-derivative products and infusion pumps, and allege that these statements artificially inflated Baxter's stock price.  Chang Decl. Ex. A ¶¶ 48-62; Ex. B ¶¶ 38-53.  The alleged mismanagement of Baxter's affairs in *Salyers* also supports the securities fraud claims in *Lakeland* because Defendants' mismanagement pertains to their

5

knowledge of Baxter's troubled state that had been concealed from the investing public. In short, the securities fraud claims in *Salyers* and *Lakeland* are inextricably intertwined. Stated differently, if Ms. Salyers prevails on her securities fraud claims, so will the plaintiff in *Lakeland*. Where, as here, issues in one case are outcome-determinative of another, the two cases are susceptible of disposition in a single proceeding.³ *See Fairbanks Capital Corp.*, 2002 U.S. Dist. LEXIS 26297, at *12 (finding that a newly-filed case met prong (4)'s requirement because it raised issues the court must decide in an earlier-filed case); *see also Popovich v. McDonald's Corp.*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002) (Kennelly, J.) (holding that prong (4) was satisfied where a case to be reassigned was the equivalent of a cross-claim before that court).

Finally, prong (2) is met because the overlapping issues of law and fact between *Salyers* and *Lakeland* allow coordinated, non-duplicative discovery and motion practice, which will in turn result in substantial savings of judicial time and efforts. *See* L.R. 40.4(b). For example, discovery with respect to the common misstatements and omissions in both cases should be coordinated, and so should the proceedings for summary judgment with respect to the securities fraud claims. Such coordination will no doubt result in the substantial savings of resources of the parties and the Court. *See Anderson v. Cornejo*, 199 F.R.D. 228, 262 (N.D. Ill. 2000) (Hart, J.) (holding that prong (2) was satisfied where there

---

³ As *Fairbanks Capital Corp.* stated, however, the fact that *Salyers* and *Lakeland* are susceptible of disposition in a single proceeding "does not inexorably lead to their consolidation for all purposes." 2002 U.S. Dist. LEXIS 26297, at *10. Indeed, given the reality that *Salyers* involves common law claims, consolidation with *Lakeland* is inappropriate. This finding has no bearing on reassignment because Local Rule 40.4(b) does not "require proof that the cases can or should be consolidated." *Id*. at **10-11.

6

were common issues of law and fact in the underlying cases); *River Vill. West LLC v. Peoples Gas Light & Coke Co.*, No. 05 C 2103, 2007 U.S. Dist. LEXIS 98507, at **4-5 (N.D. Ill. Feb. 14, 2007) (Anderson, J.) (same).

No case law in this District requires a different conclusion. In their opposition to North Miami's motion for reassignment, Defendants primarily relied on *Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, No. 02 C 5893, 2003 U.S. Dist. LEXIS 7466 (N.D. Ill. May 5, 2003) (Guzman, J.), and *Hollinger International, Inc. v. Hollinger, Inc.*, No. 04 C 0698, 2004 U.S. Dist. LEXIS 7883 (N.D. Ill. May 5, 2004) (Manning, J.). *Jaffe* and *Hollinger* are distinguishable, however, because they do not involve a situation where, as here, the two underlying cases share common *claims* arising from common events. *Jaffe*, 2003 U.S. Dist. LEXIS 7466, at *8 (finding that "there are not common issues of both law and fact" between the securities fraud class action and the shareholder derivative action); *Hollinger*, 2004 U.S. Dist. LEXIS 7883, at *8 (finding that the underlying actions "involve 'fundamentally distinct' claims"). Defendants' reliance on *Jaffe* and *Hollinger* is therefore misplaced. In fact, contrary to Defendants' suggestion, the common securities fraud claims between *Salyers* and *Lakeland* require reassignment because the Seventh Circuit has criticized this District for having failed to reassign and consolidate cases before one judge where there existed a "substantial overlap" of issues and parties. *Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 513 n.* (7th Cir. 1999).

## V. CONCLUSION

As demonstrated above, the Court should grant Ms. Salyers's motion for reassignment because *Salyers* and *Lakeland* are related under Local Rule 40.4 and are susceptible of disposition in one proceeding.

Dated:  December 20, 2010

        FREED & WEISS LLC
        Jeffrey A. Leon

            s/ Jeffrey A. Leon
            Jeffrey A. Leon

        111 West Washington, Suite 1331
        Chicago, Illinois 60602
        Telephone:  (312) 220-0000
        Facsimile:  (312) 220-7777

        JOHNSON BOTTINI, LLP
        Frank J. Johnson
        Albert Y. Chang
        Keith M. Cochran
        501 West Broadway, Suite 1720
        San Diego, California 92101
        Telephone:  (619) 230-0063
        Facsimile:  (619) 238-0622

        *Counsel for Plaintiff Patricia Salyers*

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Plaintiff Patricia Salyers's Memorandum of Law in Support of Her Motion for Reassignment, together with accompanying papers, including the Declaration of Albert Y. Chang (with exhibits), to be served via the Court's electronic filing system on all counsel of record in this action.

Dated:  December 20, 2010

<u>          s/ Jeffrey A. Leon          </u><br>
Jeffrey A. Leon