```
                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
                             EASTERN DIVISION

CITY OF LAKELAND EMPLOYEES PENSION        ) No. 10 C 6016
PLAN, Individually and on Behalf of All   )
Others Similarly Situated                 )
                                          )
                   Plaintiff,             )
                                          )
          v.                              )
                                          )
BAXTER INTERNATIONAL, INC., ROBERT L.     ) December 14, 2010
PARKINSON, JR., ROBERT M. DAVIS and       ) Chicago, Illinois
NORMAN G. RIEDEL,                         ) 8:45 a.m.
                                          )
                   Defendants.            ) Motion Hearing


                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

APPEARANCES:

For Plaintiff Salyers:        FREED & WEISS
                              111 West Washington Street
                              Suite 1331
                              Chicago, Illinois  60602
                              BY:  MS. REBECCA E. DUGGAN

For the Defendants:           SKADDEN ARPS SLATE MEAGHER &
                              FLOM LLP
                              155 North Wacker Drive
                              Chicago, Illinois  60606
                              BY:  MR. MATTHEW R. KIPP

For Louisiana Municipal       SUSMAN HEFFNER & HURST LLP
Police Retirement             20 South Clark Street
System:                       Suite 600
                              Chicago, Illinois  60603
                              BY:  MR. MATTHEW T. HEFFNER


              TRACEY DANA McCULLOUGH, CSR, RPR
                   Official Court Reporter
                  219 South Dearborn Street
                        Room 1420
                  Chicago, Illinois  60604
                      (312) 922-3716
```

```
 1  APPEARANCES:  (Continued)

 2  For the North Miami              LASKY & RIFKIND, LTD.
    Plaintiffs:                      350 North LaSalle Street
 3                                   Suite 1320
                                     Chicago, Illinois  60610
 4                                   BY:  MR. NORMAN RIFKIND
```

1    THE CLERK: 10 C 6016, City of Lakeland Employees v.
2  Baxter International.
3         MS. DUGGAN: Good morning, Your Honor. Rebecca
4  Duggan, local counsel on behalf of Johnson Bottini in the
5  Patricia Salyers related case.
6         THE COURT: All right.
7         MR. KIPP: Good morning, Your Honor. Matthew Kipp on
8  behalf of the defendants.
9         MR. HEFFNER: Matt Heffner on behalf of LAMPERS.
10        THE COURT: All right.
11        MR. RIFKIND: Good morning, Your Honor. Norman
12 Rifkind on behalf of the North Miami plaintiffs.
13        THE COURT: All right. And you're coming before me
14 again. I believe we have another part --
15        MR. KIPP: That's right. This is third in the  --
16        THE COURT: -- that's going to join. Okay. Yes.
17        MS. DUGGAN: Your Honor, we're here today on behalf
18 of Patricia Salyer's motion, Albert Chang from Johnson Bottini.
19 We're asking permission to file our own motion for lead counsel
20 as a movant in this case. We weren't a party. So pursuant to
21 Local Rule 5.3 I believe we needed permission from you to file.
22 We're not asking at this time to be appointed. Just that we
23 may be considered along with other counsel.
24        THE COURT: All right. I see some perplexity or ...
25        MR. KIPP: Yes, I don't think that's quite right.

1  This is Matthew Kipp on behalf of the defendants.  I understand
2  the motion to be one to reassign based on relatedness --
3          THE COURT:  That's what I was reading.
4          MR. KIPP:    -- under Rule 40.4.  And this will
5  surprise you, Your Honor, we will contest that.
6          THE COURT:  And so this Court -- since I'm already
7  considering the relatedness motions, this timing is I guess
8  perfect in that we can go ahead and sync everything up and go
9  ahead and -- what kind of briefing schedule did you want on
10 that one?  Since this is a little bit later, are you --
11         MR. KIPP:  Same --
12         THE COURT:  The same.  You just stand on the same?
13         MR. KIPP:  Well, we will.  We'll stand -- we've
14 already filed two briefs to our friends Matt and Norman's
15 motions.  We'd write the same the exact brief.
16         THE COURT:  Okay.  So you just would adopt that to
17 respond to the latest motion for relatedness.  If there is
18 another motion as you're saying, Counsel, to be considered,
19 then this Court will, you know, consider it.  But I believe
20 that -- go ahead, Counsel.
21         MR. RIFKIND:  Your Honor, on behalf of the North
22 Miami plaintiffs, we have no objection to a briefing schedule
23 with respect to the motion to reassign.  We would ask, though,
24 that today Your Honor deny without prejudice the two other
25 motions that Salyers filed, and that is a motion to consolidate

1  as well as a motion for the appointment of lead -- or interim
2  lead counsel.
3          On behalf of the North Miami plaintiffs our case is
4  currently pending before Judge Coar, but we filed a motion to
5  have our case reassigned to Your Honor. After we filed our
6  motion to reassign, we filed on behalf of the North Miami --
7  plaintiffs --
8          THE COURT: The motion for leave.
9          MR. RIFKIND: -- before Judge Coar a motion to
10 consolidate and a motion to be appointed interim lead counsel,
11 similar motions that counsel has filed. Judge Coar denied
12 those motions without prejudice, concluding that the first
13 issue that needs to be resolved is the issue before Your Honor,
14 which is, is Your Honor going to grant the motions to reassign
15 or deny them. And, therefore, if Your Honor is inclined to
16 consider the motion to consolidate and the motion to appoint
17 lead counsel, in addition to the motion to reassign, it's going
18 to force us to then brief those two motions.
19          It's going to also force us to file our own motions
20 before this Court, which I think probably doesn't make a whole
21 lot of sense in light of Judge Coar's ruling. And, therefore,
22 we think we should brief the motion to reassign. If Your Honor
23 grants the motion, then all of the derivative cases are before
24 Your Honor. The parties can then file whatever additional
25 motions they want. If Your Honor denies the motion to

1  reassign, then each of us are back in our respective -- before
2  our respective judges, and we can then file whatever motions we
3  want with respect to consolidation and the appointment of lead
4  counsel.
5              THE COURT:  That --
6              MR. HEFFNER:  Your Honor, if I may.
7              THE COURT:  Yes.
8              MR. HEFFNER:  LAMPERS completely joins North Miami's
9  position.  We'd just say we think it's jumping the gun.  It
10 makes -- it doesn't make any sense for all the plaintiffs to
11 now start briefing these lead plaintiff issues --
12             THE COURT:  And this court wasn't going to --
13             MR. HEFFNER:  Until we figure out which court we are
14 supposed to be in.
15             THE COURT:  I'm going to stop you right now.  This
16 Court wasn't going down that road.  I was either going to enter
17 and continue it until I take care of the relatedness and the
18 motions for reassignment, or I can deny it.  Either way it
19 wasn't going to be ruled on and nobody was going to be
20 briefing.  So the same outcome was going to happen.  All right.
21             And, Counsel, do you understand what the arguments
22 are?
23             MS. DUGGAN:  I do.  I think that, you know, as
24 serving as local counsel I'm not as fully briefed perhaps as I
25 assume the other plaintiffs' counsel present today.  My

1  understanding was that we just wanted the opportunity to file
2  pursuant to Local Rule 5.6.  I don't think -- I don't feel like
3  I can join either position.  But if the motion is for related
4  actions to be consolidated in front of you --
5          THE COURT:  Okay.
6          MS. DUGGAN:  -- I would think that that's what they
7  want as opposed to having everything across other dockets.  It
8  makes more sense to be able to file everything in front of you.
9          THE COURT:  Okay.  Well, based on that and based on
10 your statements here, I am going to deny your motion without
11 prejudice here.  And that way I can focus on the -- on how
12 many?  Four motions that I have in front of me for --
13         MR. RIFKIND:  I think it's three.
14         THE COURT:  Three is it, for reassignment, and I will
15 have those taken care of, and we will make this decision right
16 after the holidays.  Okay.  All right.  And do we already have
17 a date?
18         MR. RIFKIND:  I believe, Your Honor, the plaintiffs
19 have until this Friday to file a reply -- their replies in
20 connection with the motion to reassign.  And we are back before
21 Your Honor for ruling I believe on January 14th.
22         THE COURT:  That's what I have.  Everybody has the
23 same time?  All right.  Then we'll see you then.  Okay.
24         MR. KIPP:  Thank you, Your Honor.
25         THE COURT:  Thank you.


| | |
|---|---|
| 1 | CERTIFICATE |
| 2 | I HEREBY CERTIFY that the foregoing is a true, |
| 3 | correct and complete transcript of the proceedings had at the |
| 4 | hearing of the aforementioned cause on the day and date hereof. |
| 5 | |
| 6 | _/s/TRACEY D. McCULLOUGH_         _December 20, 2010_ |
| 7 | Official Court Reporter            Date |
|   | United States District Court |
| 8 | Northern District of Illinois |
|   | Eastern Division |