IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BAXTER INTERNATIONAL INC., et al.,<br><br>Defendants. | Case No. 10 C 6016<br><br>Judge Sharon Johnson Coleman |

Plaintiff shareholders, individually and on behalf of a proposed class of all purchasers of the publicly traded common stock of Baxter International, Inc. ("Baxter") filed an Amended Consolidated Class Action Complaint on April 15, 2011. The Amended Complaint alleges violations of the Securities Exchange Act of 1934 by Baxter stemming from various public statements between June 10, 2009, and May 3, 2010, relating to Baxter's plasma derivative products and the remediation of its Colleague infusion pump. Baxter moves to dismiss for failure to state a claim, arguing that the complaint lacks the requisite specificity for pleading fraud and that plaintiffs have pleaded themselves out of court because the factual allegations in the complaint do no support a claim of securities fraud.

**Background**

Baxter is a global, diversified healthcare company that develops, manufactures and markets a variety of healthcare products. The complaint here is concerned with two aspects of Baxter's business: the plasma derivative products in its BioScience division and the Colleague infusion pump (a device that delivers IV fluids). The complaint essentially asserts that Baxter failed to disclose certain information that affected the demand for its plasma derivative products including,

the failure of a merger between two of Baxter's competitors, the reduction in Baxter's plasma collections, and the omission of these facts caused Baxter's growth projections for its plasma derivative products to be misleading. Instead, of disclosing these facts which potentially affected Baxter's market share and ability to meet projections, plaintiffs claim that Baxter maintained projected growth and continued to state its confidence in the market to grow. With respect to the Colleague pump, the complaint alleges that Baxter knew it would not be able to meet its remediation goals and failed to disclose the additional restrictions placed on it by the FDA, namely requiring clinical data which effectively made it impossible for Baxter to remediate its Colleague pumps. Rather, than disclose the clinical data requirement imposed by the FDA, plaintiffs contend that Baxter stated that it was committed to remediation of its Colleague pump. The complaint alleges numerous false or misleading statements between June 10, 2009, and May 3, 2010. For the reasons stated below, the Baxter's motion to dismiss is denied in part and granted in part.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. When considering dismissal of a complaint, the court accepts all well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)("Tellabs II"); *Makor Issues & Rights, Ltd. v. Tellabs Inc.,* 513 F.3d 702, 705 (7th Cir. 2008) ("Tellabs III"). Rule 9(b) requires plaintiffs to plead with particularity the circumstances constituting fraud. Fed.R.Civ.P. 9(b). Particularity in pleading fraud, including securities fraud means "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Section 10(b) of the Securities Exchange Act makes it unlawful for any person to "use or employ, in connection with the purchase or sale of any security… any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1317 (2011) (quoting 15 U.S.C. §78j(b)). SEC Rule 10b-5 implements this provision by making it unlawful to, among other things, "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." *Matrixx*, 131 S. Ct. at 1317 (quoting 17 C.F.R. § 240.10b-5(b)).

In order to prevail on their claim that Baxter made material misrepresentations or omissions in violation of §10(b) and Rule 10b-5, plaintiffs must prove "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157, 128 S.Ct. 761, 169 L.Ed. 2d 627 (2008). Baxter argues that plaintiffs have failed to adequately plead both a material omission and scienter.

Specifically, Baxter argues that with respect to its plasma derivative products the company made forward looking projections about growth and demand and it had no duty to disclose the failed merger between CSL and Talecris (Baxter competitors) and that it reduced plasma collections because those facts were already public knowledge. Baxter also argues that the mere fact that it reduced its 2010 projections for its plasma derivative products cannot be a basis for a fraud claim. With respect to the remediation of its Colleague infusion pump, Baxter argues that the facts alleged in the complaint show that Baxter was committed to remediating the Colleague infusion pump and

that Baxter had no duty to disclose details about its meetings with the FDA or to speculate publicly about potential actions the FDA might take. Baxter further argues that plaintiffs have failed to adequately plead scienter.

**Discussion**

Here, plaintiffs have pleaded the who, what, where, when and how of the circumstances of the alleged fraud. The complaint clearly sets forth who made the allegedly misleading statements, what the statements were and when and how they were conveyed. It is not the function of this Court at the pleading stage to determine whether the statements were in fact false or misleading. Plaintiffs allege that Baxter's projections lacked a reasonable basis and were materially false or misleading because Baxter knew and failed to disclose certain changed circumstances including: (1) the failure of the CSL and Talecris merger eliminated Baxter's ability to manipulate supply and Baxter was losing market share; (2) after abandoning the merger, Talecris would increase supply of plasma-derivative products causing prices to drop; (3) Baxter was actively taking measures to deliberately decrease plasma collections. Plaintiffs allege that Baxter and CSL, the two largest suppliers of plasma derivative products were not true competitors rather they were coordinating efforts to control market. By 2006, Talecris was the third largest supplier and the only other company with the capacity to compete with Baxter. The proposed merger between CSL and Talecris would have brought Talecris into the anti-competitive fold. Thus, plaintiffs allege that Baxter knew the failure of the merger would result in Talecris' resurgence as a competitor and inevitably cause a loss of market share, an increase in supply, and decreased demand for Baxter.

While a company's forward-looking statements need not be correct, they must have a reasonable basis. *Wielgos v. Commonwealth Edison*, 892 F.2d 509, 513 (7th Cir. 1989). Plaintiffs allege that Baxter's projections were too positive and Baxter knew it and yet misled the market by

repeatedly assuring investors that Baxter's view of its plasma derivative business remained unchanged. Baxter argues that its statements regarding the plasma derivative products were forward looking statements with a reasonable basis and that it had no duty to disclose the failure of the CSL and Talecris merger or that it reduced plasma collections because those facts were public knowledge.

Section 10(b) and Rule 10b-5 do not create an affirmative duty to disclose all material information. Disclosure is required only when necessary "to make [the] statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. §240.10b-5(b). Indeed, companies are required to disclose only firm-specific information. *Wielgos*, 892 F.2d at 515. Thus, Baxter's motion is granted in part with respect to allegations that it failed to disclose information related to the CSL and Talecris merger since that information is not "firm-specific" and securities laws do not require companies to disclose the state of the world. *See Asher v. Baxter International Inc.,* 377 F.3d 727, 729 (7th Cir. 2004). Yet, the allegations that Baxter failed to disclose that changes to its plasma collections combined with the changes to the market known to Baxter, assuming the facts to be true, are sufficient to undermine Baxter's argument that its positive sales projections had a reasonable basis.

Baxter also seeks dismissal of plaintiffs' claims that it misled investors by failing to disclose that the FDA imposed additional requirements, specifically clinical data, on Baxter's remediation of its Colleague infusion pump. Plaintiffs allege that Baxter's statements that it remained committed to remediation of the Colleague pump remained misleadingly constant despite the FDA imposing a clinical data requirement and consistently rejecting Baxter's remediation timeline. Baxter argues that it had no duty to disclose details about meetings with the FDA or to speculate publicly about what actions the FDA might take, including recalling all of Baxter's Colleague infusion pumps.

While it is true that Baxter is not required to speculate publicly that the FDA would recall the pumps, the FDA's requirement that Baxter submit clinical data as part of its remediation efforts is firm-specific information that absent disclosure could render Baxter's statements that it was "committed to remediating" the Colleague infusion pump misleading. *See Asher,* 377 F.3d at 729. At this stage, this Court need not determine whether Baxter's statements were in fact misleading, rather this Court need only determine that plaintiffs have alleged sufficient facts showing the circumstances which plaintiffs claim constitute fraud.

Additionally, Baxter argues that plaintiffs fail to adequately plead the element of scienter. To plead scienter under §10(b) and Rule 10b-5, a private plaintiff must prove that the defendant acted with a mental state "embracing intent to deceive, manipulate or defraud." *Tellabs II*, 551 U.S. at 319. Under the Private Securities Litigation Reform Act ("PSLRA"), if the alleged misrepresentation or omission is a "forward-looking statement," the required level of scienter is "actual knowledge." 15 U.S.C. §78u-5(c)(1)(B). In *Matrixx,* the U.S. Supreme Court assumed, without deciding, that a showing of "deliberate recklessness" is sufficient when the statements are not "forward-looking" projections. *See Matrixx*, 131 S.Ct. 1309, 1323-24 (2011). A complaint adequately pleads the requisite "strong inference of scienter" under the PSLRA "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 1324 (quoting *Tellabs II,* 551 U.S. at 324.)

Baxter argues that "the most plausible conclusion… is simply that Defendants failed to foresee with 100% clarity the events that adversely affected Baxter's business in the spring of 2010." (Def. Memo. of Law, Dkt. 78 at 39). Baxter also argues that plaintiffs' failure to plead either motive or that any defendant sold any stock during the class period weighs against finding scienter.

However, absence of motive is not fatal to allegations of scienter. *Tellabs II,* 551 U.S. at 325. The relevant question is "when the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?" *Id*. at 326.

Here, plaintiffs allege that the individual named defendants, Parkinson, Davis, and Ladone, were at all relevant times officers of Baxter and authorized to speak on its behalf. Parkinson is Chairman of the Board, President and CEO of Baxter. Davis was Chief Financial Officer and Corporate Vice President. Ladone was Corporate Vice President of Investor Relations. Plaintiff alleges that by virtue of their positions the defendants had access to non-public and proprietary information concerning Baxter's operations, finances, and financial condition. These defendants controlled the content of Baxter's SEC filings, reports and press releases as well as other public statements. Plaintiffs further allege that the FDA imposed a clinical data requirement on Baxter's remediation efforts and defendant Parkinson was a party to the Consent Decree with the FDA and present at many meetings with the FDA relating to remediation of the pump. Therefore, a reasonable person could infer that Parkinson and the other corporate officer defendants at least acted with deliberate recklessness when they continued to reassure the public that Baxter was remediating the Colleague pump in the face of increasing difficulties in doing so.

Additionally, plaintiffs allege that defendants knowingly disregarded the impact that the failed CSL and Talecris merger would have on the plasma market. Plaintiff relies on several confidential witnesses and two former FDA employees to support their allegations of scienter. While courts discount the allegations of confidential witnesses, in circumstances where the complaint sets forth in detail when and how the confidential witness obtained the information and in what capacity they were employed by the defendant, such assertions can support a strong

inference of scienter. *See Tellabs III,* 513 F.3d at 712. The allegations in the complaint from the confidential witness set forth with specificity how informed the individual defendants were about the operations and financial state of the company including daily and monthly assessments of the amount of blood collected by Baxter and how that fit with projections. Thus, while it is plausible, that Baxter simply miscalled its projections, this Court finds that plaintiffs have pleaded facts supporting an inference of scienter that is cogent and at least as compelling as the opposing inference.

Baxter also argues that the complaint should be dismissed because it constitutes "puzzle pleading." This Court disagrees. Although the complaint is quite lengthy, it is divided into clear sections with headings and subheadings identifying two aspects of Baxter's business which plaintiffs allege Baxter misleading statements to investors. The complaint identifies and quotes the statements allegedly misleading, including bolding and italicizing the precise statements. The complaint then follows each set of allegedly misleading statements with the factual basis for why the statements are false and misleading.

**Conclusion**

Based on the foregoing, Baxter's motion to dismiss is granted with respect only to the allegations that it was required to disclose the failed merger between its competitors CSL and Talecris. The motion is otherwise denied.

IT IS SO ORDERED.

Date: January 23, 2012

Entered: _____
Sharon Johnson Coleman