UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 1:10-cv-06016 <br><br> CLASS ACTION |
| Plaintiff, | ) ) ) | Hon. John J. Tharp, Jr. |
| vs. | ) ) ) | |
| BAXTER INTERNATIONAL INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## AGREED CONFIDENTIALITY ORDER

The Parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All materials produced or adduced in the course of discovery in the above-captioned action (the "Litigation"), including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively, "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Order by application to the Court on notice to the other Parties hereto for good cause.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated, in good faith, as "CONFIDENTIAL-SUBJECT TO

PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) any other non-public confidential personal, financial, proprietary, or commercially sensitive information. Information or documents that are available to the public may not be designated as Confidential Information. All information derived from Confidential Information, including but not limited to extracts, summaries, and descriptions of such material shall be treated as confidential in accordance with the provisions of this Order.

3. **Designation.**

(a) Any party, person, or entity producing documents may designate documents as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be applied prior to or at the time that the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a document does not mean the document has any status or protection by statute or otherwise

except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.[1]

4. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth business day after the final transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or "CONFIDENTIAL" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

5. **Protection of Confidential Material.**

(a) **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this Litigation, including any appeal thereof. In this putative class action, Confidential Information may not be disclosed to class members, with the exception of Lead Plaintiff and any proposed Class Representative(s) who complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third-party or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action, including outside counsel who represent a Party in this Litigation;

    (2) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the Litigation in which the information is disclosed and provided that any employees referred to herein complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    (3) **The Court.** The Court and its personnel;

    (4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions in connection with this Litigation;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at Depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8) **Non-Party Witnesses.** Potential non-party witnesses in this Litigation and their counsel, if separate from counsel for the parties, when such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery, provided that such persons and any such counsel have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(9) **Author or Recipient.** The author or recipient of the document (not including person who received the document in the course of litigation);

(10) **Special Masters/Mediators.** Special Master, mediators, and/or third parties retained by the Parties or their counsel for settlement purposes or resolution of discovery disputes; and

(11) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Inadvertent Production of Privileged Material.** Inadvertent production of material subject to any applicable privilege, including but not limited to the attorney-client privilege or the attorney work product doctrine, shall not be deemed a waiver in any form of any applicable privilege for the material in question or any other materials for which privilege is asserted. The receiving party shall return to the producing party as soon as practicable any document that the producing party, in a writing that describes the basis for the privilege, identifies as being subject to either the attorney-client privilege, work-product doctrine or any other applicable privilege and that was inadvertently produced at the time of production (the "Return Request").

8. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.2.

9. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for

its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

11. **Challenges by a Party to a Return Request.** A Return Request concerning privileged material is subject to challenge by any party. In the event a party objects to a Return Request, the challenging party shall not be required to destroy or return the requested material pending the procedure set forth below. The challenging party shall sequester the requested material and shall not use the documents covered by the Return Request (or any material derived therefrom) for any purpose, other than as the subject of a motion challenging the Return Request, pending the Court's resolution of the issue, as set forth below. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging a Return Request must do so in good faith and must begin the process by conferring directly with counsel for the designating party within ten (10) business days of receipt of the Return Request. In conferring, the challenging party must explain the basis for its belief that the Return Request was not proper and must give the

designating party an opportunity to review the designated material, to reconsider the Return Request, and, if no revocation of the Return Request is offered, to explain the basis for the privilege designation. The party delivering the Return Request must respond to the challenge within ten (10) business days.

(b) **Judicial Intervention.** A party that elects to challenge a Return Request may file and serve a motion challenging the protected status of the subject documents within ten (10) business days of the response identified in subparagraph (a), above. The motion must identify the challenged material and set forth in detail the basis for the challenge. If the movant elects to include the challenged material in its motion, the material must be filed under seal. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The designating party shall carry the burden of proof as to privilege or of protection as trial-preparation material.

12. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

15. **Obligations on Conclusion of Litigation.**

(a) Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

(c) **Deletion of Documents Filed under Seal from ECF System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection

under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. **No Waiver or Prejudice.** Entering into or agreeing to this Order, and/or producing or receiving Confidential documents or otherwise complying with the terms of this Order, shall not:

(a) Operate as an admission by the receiving party that any particular document designated as Confidential by the producing party is appropriately designated as such;

(b) Prejudice in any way the rights of any party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

(c) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential documents or discovery material; or

(d) Prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular documents.

19. **Limitation.** This Order has no effect upon, and shall not apply to, a producing party's use of its own Confidential discovery material for any purpose. Nothing contained herein: (a) shall impose any restrictions on the use or disclosure by a party of any Confidential discovery material obtained lawfully by such party independently of the discovery proceedings in this Litigation; or (b) prevent a party from disclosing Confidential discovery material to any individual to whom the producing party previously provided the Confidential discovery material.

20. **Ability to Designate.** The Parties to this Litigation agree that the production of any discovery material by any non-party to the Litigation may be subject to and governed by the terms of this Order with the exception that a Party may not designate as "Confidential" any

materials produced by a non-party unless that non-party is a subsidiary of a party acting as such Party's representative or agent in connection with the discovery material at issue, or provided, created, or acquired the discovery materials from the Party on a confidential basis.

21. **Scope.** It is the present intention of the Parties that the provision of this Order shall govern discovery in the Litigation.

22. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms. The Parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, or an alternative thereto which is satisfactory to the Parties and the Court, and any violation of the terms of this Order while entry by the Court is pending shall be subject to the same sanctions and penalties as if this Order had been entered by the Court. Any violation of the terms of this Order shall be punishable by relief deemed appropriate by the Court.

So Ordered

Dated: Sept. 21, 2012

_____
John J. Tharp, Jr.
U.S. District Judge

| | |
|---|---|
| **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** | **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** |
| /s/ Matthew R. Kipp <br> Signature | /s/ Robert J. Robbins <br> Signature |
| Matthew R. Kipp <br> Printed Name | Robert J. Robbins <br> Printed Name |
| Counsel for: Defendants | Counsel for: Plaintiff |
| Dated: September 18, 2012 | Dated: September 18, 2012 |

14