IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 10 C 6016 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| BAXTER INTERNATIONAL INC., *et al.*, | ) ) ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

The defendants (collectively referred to as "Baxter") have moved to compel the production of documents from the plaintiff and two third parties. The third parties, Timothy A. Ulatowski and Betty Collins, are former employees of the Food and Drug Administration ("FDA") who participated in, or have personal knowledge of, some of the events within the scope of the allegations in the complaint. Thus, they are fact witnesses. They are also consultants in this case; both left the FDA in late 2012 and were promptly retained by the plaintiffs. This discovery dispute arises from these dual roles. Baxter seeks production of documents and communications reflecting Ulatowski's and Collins's (collectively, the "witnesses") personal knowledge of facts underlying the allegations of the complaint. The plaintiffs and the witnesses have claimed that materials created after their retention as consultants in this case constitute work product and are therefore protected (at least for the time being) from discovery.

"Rule 26(b)(3) codifies the work-product doctrine," *Upjohn Co. v. United States,* 449 U.S. 383, 398 (1981), and governs "the extent to which trial preparation materials are discoverable in federal courts," *F.T.C. v. Grolier Inc.*, 462 U.S. 19, 25 (1983). Under subsection

(A) of the rule, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party," unless they are otherwise discoverable and the party seeking production shows that it has a "substantial need for the materials." Rule 26(b)(3)(A). Baxter does not argue that the materials at issue were not prepared in anticipation of litigation by or on behalf of the plaintiffs, but maintains that the work product doctrine protects "counsel's conclusions, opinions, and legal theories, [but not] the underlying facts of a given case." Mem. at 11. That statement is artfully imprecise. There is no dispute, of course, that the work product doctrine protects what has come to be known as "opinion work product"—the opinions, theories, and assessments of counsel about a claim. *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1023 (7th Cir. 2012). But to say, as Baxter does, that the doctrine "does not protect the underlying facts of a given case from discovery" really says nothing at all about the scope of protection afforded by the doctrine. That Baxter may conduct discovery concerning factual issues about which the witnesses may know something is true, but beside the point; the issue here is whether "documents and tangible things" created by the witnesses (or counsel for the plaintiffs based on communications with the witnesses) that reflect the witnesses' knowledge about such factual issues are discoverable. And, under Rule 23(b)(3)(A), the answer to that question expressly turns on whether those "documents and tangible things" were "created in anticipation of litigation."

In *Appleton Papers*, the Seventh Circuit recently rejected the argument that Baxter advances here—that the work product doctrine protects only attorney opinions, not facts, holding that "[t]his argument ignores Rule 26, which protects *all* 'documents and tangible things that are prepared in anticipation of litigation,'" including "fact work product." *Id.* at 1023 (emphasis in original). There, the court considered whether factual material collected by consulting experts

2

fell within the scope of the doctrine; as Judge Flaum explained, Rule 26(b)(3) protects both opinion and fact material included in documents created in anticipation of litigation, albeit with different levels of protection:

> "Fact" work product is discoverable in the rare case where [a] party makes the "substantial need" showing . . . . But even when a litigant makes the substantial need showing, "opinion" work product remains protected. Thus, although there are differing levels of protection for fact and opinion work product, the Federal Rules protect both types.

*Id.* at 1023-24 (internal citations omitted). *See also, e.g., United States v. Ghavami,* 882 F. Supp. 2d 532, 540 (S.D.N.Y. 2012) (the work product doctrine includes "fact work product" as well as opinion work product; "the difference lies in the degree of the protection afforded"). The *Appleton Papers* court went on to note that the text of Rule 26(b)(4), which prohibits parties from discovering the research of a nontestifying expert and expressly protects both "facts known or opinions held by and expert" is "simply an application of the work product rule" set forth in Rule 26(b)(3) because "[t]he consultant's work will, by definition, be work product because the party uses the consultant 'in anticipation of litigation.'" 702 F.3d at 1024 (emphasis omitted).

    *Appleton Papers* exposes the overbreadth of Baxter's claim that the work product doctrine "does not protect the underlying facts of a given case from discovery." Facts are the subject of discovery. But certain evidence of those facts is protected by the work product doctrine, namely "documents and tangible things that are prepared in anticipation of litigation." There is no dispute—and the Court's own *in camera* review confirms—that the documents Baxter seeks were prepared in anticipation of litigation (this case had already been filed) by the witnesses and counsel for the plaintiffs after the witnesses had been retained as consultants (or in connection with that retention). The Court therefore rejects Baxter's contention that the documents it seeks lie outside the protection of the work product doctrine. And since Baxter has

made no showing of "substantial need" for the documents—its argument has been limited to denying that the work product doctrine even applies—it has failed to satisfy the requirements necessary to obtain discovery of the fact work product created by plaintiffs' counsel and the witnesses.

Baxter's alternative argument that the plaintiff has waived work product protection for the requested material has more traction, though it, too, is overbroad. Noting that the plaintiff "quotes or purports to paraphrase Ulatowski and Collins in 40 paragraphs of the Amended Complaint," Mem. at 14, Baxter argues that by disclosing some of the factual information that the witnesses provided, the plaintiff has waived work product protection as to all such information. This is essentially a subject matter waiver argument. While it is broadly recognized that in the context of the attorney-client privilege a disclosure of a portion of a privileged communication "waives the privilege as to the portion disclosed and to all other communications relating to the same subject matter," *Appleton Papers,* 702 F.3d at 1024, the test for subject matter waiver in the context of an assertion of work product protection is more demanding. The question of waiver of the work product doctrine turns not on whether there has been a prior disclosure of some portion of the information contained in the work product, but "whether the specific assertions of privilege are reasonably consistent with the purpose for which the privilege was created." *Id.* at 1025 (internal quotation omitted). That purpose—to prevent free-riding by one's adversaries in litigation—is not frustrated by all disclosures of work product, but is compromised only by those that "substantially increase[] the opportunities for potential adversaries to obtain the information." 8 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2024 at 532 (3d ed. 2010); *Appleton Papers,* 702 F.3d at 1025. Federal Rule of Evidence 502(a) codifies this concept by providing that the disclosure of work product extends to

4

undisclosed information only where the initial waiver was intentional, where the disclosed and undisclosed information relate to the same subject matter, and where the disclosed and undisclosed information "ought in fairness . . . be considered together."

In the context of this case, that means that the plaintiff's use in the complaint of some of the factual information it obtained from the witnesses waives its work product claim as to materials that set forth the information disclosed. It does not, however, mean that the plaintiff has waived work product protection for all factual information the witnesses may have supplied. On this point, too, *Appleton Papers* again lights our way; there, the court held that the government's citation in consent decrees to portions of two reports created by its consultant waived work product protection only for those portions of the reports and rejected the argument that the government's selective disclosure more broadly waived protection for undisclosed portions of the reports or subsequent versions of the reports. 702 F.3d at 1025-26. *See also, e.g., United States v. Nobles,* 422 U.S. 225, 239 (1975) (partial reliance on investigator's work product waives work product protection only with respect to the matters covered by the investigator's testimony).

The defendants' waiver argument is founded on the notion that it is unfair to allow a litigant to "use the sword of selective disclosure to establish its entitlement to relief while simultaneously relying on the shield provided by work product protection to prevent its opponent from fully evaluating the relevant facts." Mem. at 14. That is a fair point, but it is not inconsistent with the more demanding waiver inquiry required in the context of work product claims. The question of the scope of a work product waiver turns on the scope of the disclosure; as set forth in Rule 502(a)(3), the waiver should extend only to information that "ought in fairness . . . be considered together" with the information disclosed.

To answer that question, the Court has reviewed the documents that the witnesses have withheld from production on the basis of its claim of work product protection.[1] And as it turns out, selective disclosure is largely a non-issue here, as the "fact work product" withheld plainly relates to the information attributed to the witnesses in the complaint. Indeed, most of the information consists of comments by the witnesses about factual matters set forth in the draft amended complaint and drafts of the declarations that the plaintiffs submitted in support of the complaint. The Court therefore finds that the documents listed on Attachment 1 to this order are sufficiently related to the information from the witnesses that has been included in the complaint that they "ought in fairness" be disclosed so that the defendants can evaluate fully what the witnesses have said in relation to those allegations. Accordingly, the Court grants the defendants' motion with respect to the specific documents listed in Attachment A, and denies the motion as to the remaining documents on the witnesses' privilege logs.

As a final note, it bears repeating that any documents that the witnesses possess relevant to the issues in the case that were created before they became consultants are discoverable (and the Court understands that any such documents have been produced already). It also follows that the witnesses are subject to deposition during the fact discovery phase of this case about all fact issues as to which they may have knowledge. And finally, should the plaintiff retain the witnesses as testifying consultants (as they represent that they intend to do), the witnesses will be subject to further discovery in accordance with the provisions of Rules 26(a)(2) and 26(b)(4). That the witnesses will be subject to multiple depositions is the predictable consequence of engaging fact witnesses as testifying consultants.

---

[1] Presumably, any "fact work product" supplied by the witnesses that is in the plaintiff's possession includes any fact work product in the possession of the plaintiff. To the extent that the plaintiff is in possession of non-duplicative material reflecting factual information supplied by the witnesses, however, that material should also be submitted to the Court for *in camera* review.

Enter: May 16, 2013

*John J. Tharp, Jr.*
John J. Tharp, Jr.
United States District Judge

Attachment A
Memorandum Opinion and Order
May 15, 2013
*City of Lakeland Employees Pension Plan et al. v. Baxter International, Inc. et al.*
No. 10 C 6016

| Binder | Tab | Produce |
|---|---|---|
| 1 of 2 (Collins) | 10 | "Baxter Timeline Final" |
| | 11 | All pages |
| | 12 | Draft declarations |
| | 13 | Redlined declarations |
| | 14 | All pages |
| | 15 | All pages |
| | 16 | All pages |
| | 17 | All pages |
| | 18 | Revised declaration and draft second amended complaint, which may be redacted to show only paragraphs in which "blue text," referred to in the cover email, appears. |
| | 23 | Draft complaint, which may be redacted to show only paragraphs as to which Collins suggested revisions. |
| | 24 | All pages |
| | 25 | All pages |
| | 42 | Attachment |
| | 43 | Attachment |
| 2 of 2 (Ulatowski) | 19 | All pages |
| | 20 | Draft declarations |
| | 21 | All pages |
| | 22 | All pages; may redact ¶¶ 5, 12-15, and 17-18. |
| | 23 | Draft declarations |
| | 24 | All pages |
| | 27 | All pages |
| | 29 | All pages |
| | 30 | All pages |
| | 31 | All pages |
| | 32 | All pages |
| | 46 | All pages |