UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAXTER INTERNATIONAL INC., et al.,<br><br>Defendants. | Case No. 1:10-cv-06016<br><br>CLASS ACTION<br><br>Hon. John J. Tharp, Jr. |

**LEAD PLAINTIFF'S MOTION FOR ENTRY OF**
**SECOND CASE MANAGEMENT ORDER**

Lead Plaintiff National Elevator Industry Pension Fund ("Lead Plaintiff") respectfully files this Motion for Entry of Second Case Management Order. In support of this motion, Lead Plaintiff states as follows:

**I.      RELEVANT BACKGROUND**

On July 16, 2012, the Court entered the Stipulated Case Management Order ("Case Management Order") [Dkt. No. 112] by which the Court set various discovery deadlines in this case, including a fact discovery cut-off of March 28, 2014. Since that time, there has been very substantial document discovery in this case.

As of the upcoming February 6, 2014 status conference, in excess of 3.64 million pages of documents have been produced by Defendants over the course of nearly 14 months, more than

- 1 -

10,000 pages of documents have been produced by Lead Plaintiff, and more than 150,000 pages of documents have been produced by various third parties.

On November 13, 2013, the Court, pursuant to a Notice of Docket Entry [Dkt. No. 169], granted leave for Lead Plaintiff to take up to 35 fact depositions, 15 more than were allowed pursuant to the Case Management Order.[1]  As of the date of this motion, Lead Plaintiff has taken 14 fact depositions.  In addition, 10 additional depositions have been scheduled through the end of April, 2014, and the Parties are collectively working on scheduling the remaining 11 fact depositions to be taken by Lead Plaintiff.  Defendants anticipate taking several fact depositions, but have not yet identified the witnesses they intend to depose.

## II. THE PARTIES AGREE AS TO THE DEADLINES IN THE PROPOSED SECOND CASE MANAGEMENT ORDER

While the Parties have worked diligently to complete fact discovery in this case, as a result of the volume of documents produced, the number and complexity of issues in the case, and the difficulty of coordinating the schedules of the various fact witnesses, Lead Plaintiff believes it is necessary to extend the fact discovery cut-off as well as a number of other deadlines set forth in the Case Management Order.  As such, the Parties have agreed, subject to the Court's approval, to extend the deadlines in the Case Management Order, as follows:

### 1. Fact Discovery Cut-Off

The fact discovery cut-off in this action will be August 29, 2014.

---

[1] During the November 13, 2013 hearing, in light of the fact that it granted Lead Plaintiff an additional 15 depositions, the Court stated that it recognized the March 28, 2014 discovery deadline may need to be extended and advised the Parties that the issue would be discussed at the upcoming February 6, 2014 status conference.

### 2. Expert Witness Disclosure

Lead Plaintiff shall designate all experts and provide opposing counsel with all information specified in Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before October 31, 2014.

Defendants shall designate all experts and provide Lead Plaintiff's counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 2, 2015.

Lead Plaintiff shall designate any rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 27, 2015.

Expert witness discovery shall close on March 31, 2015.

### 3. Dispositive Motion Deadline

Dispositive motions and supporting materials shall be filed no later than 90 days after the close of expert discovery, oppositions to such motions shall be filed 45 days after service of the opening motions, and replies in support of opening briefs shall be filed 30 days after service of the opposition briefs. Following the filing of dispositive motions, the Parties may meet and confer and propose to the Court a reasonable schedule for the filing of pretrial motions.

### 4. Discovery Limitations

#### A. Relief from Discovery Limitations

Any party may apply for relief from the foregoing discovery limitations if there is a substantial need as discovery progresses.

### III. REMAINING ISSUE TO BE RESOLVED IN THE PROPOSED SECOND CASE MANAGEMENT ORDER

The only outstanding issue that the Parties were unable to agree upon was the length of time to be permitted for the depositions of Robert L. Parkinson (Baxter's Chairman of the Board, President, and Chief Executive Officer), Robert M. Davis (Baxter's Chief Financial Officer), and Mary Kay Ladone (Baxter's Corporate Vice President of Investor Relations) (collectively, the "Individual Defendants") and Baxter's former Corporate Vice President-Quality, Cheryl White

("White"). Because of the two sets of complex issues involved in this case, the substantial number of documents about which Lead Plaintiff must ask each witness, as well as the Individual Defendants' and White's critical knowledge regarding these issues (*i.e.*, issues with respect to Baxter's plasma-derivative products and issues with respect to Baxter's Colleague infusion pump), Lead Plaintiff seeks leave to take two full days of depositions per deponent, not to exceed seven hours per day, to fully examine each of these vital material witnesses.

Pursuant to Fed. R. Civ. P. 30(d)(1), unless stipulated by the parties or ordered by the court, "a deposition is limited to 1 day of 7 hours." However, Rule 30(d)(1) goes further and states that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent . . . ." The amount of time requested is reasonably and certainly needed to fully examine these critical witnesses.

As the Court is aware, this case is a complex securities fraud class action with two sets of completely factually distinct issues. Lead Plaintiff's claims with respect to Baxter's Medication Delivery segment relate to Defendants' false and misleading statements regarding Baxter's compliance with a June 2006 Consent Decree entered into between Baxter and the United States Food and Drug Administration ("FDA") regarding Baxter's Colleague pump (the "Colleague Issues"). In addition, Lead Plaintiff's claims with respect to Baxter's BioScience segment relate to Defendants' false and misleading statements regarding Baxter's financial forecasts without a reasonable basis for doing so because of the existence of a material decline in demand for its plasma-derivative products (the "Plasma Issues"). The Court recognized the complexity of these issues when it permitted Lead Plaintiff to take 35 fact depositions.

The Individual Defendants undoubtedly have substantial relevant knowledge of both the Colleague Issues and the Plasma Issues. Indeed they were the faces of Baxter who communicated with investors, analysts, and the market with respect to these issues. In fact, up until this point, no

other witness has been able to testify as to both the Colleague Issues and the Plasma Issues. Moreover, due to the complex nature of each set of issues, each prior deposition (each of which has been limited to examining one of the two sets of issues in the case) has required a full day to complete.[2]

Moreover, an intensive review of in excess of 3.6 million pages of documents produced by Defendants and third parties has identified in excess of 2,000 documents that are highly relevant to the Individual Defendants. Furthermore, there are two separate and distinct sets of documents with respect to each of the Individual Defendants, one set related to the Colleague Issues and one set related to the Plasma Issues. Even during a two-day deposition, Lead Plaintiff will not be able to ask about all of these documents, and there are going to be scores of documents that Lead Plaintiff will want to discuss during the Individual Defendants' respective depositions with respect to each set of issues. In order to fully and fairly examine each Individual Defendant's role and knowledge related to the Colleague Issues and the Plasma Issues, Lead Plaintiff has a substantial need to be permitted to dedicate a full day of deposition testimony to each set of issues. As a result, Lead Plaintiff seeks leave to take a two-day deposition of each of the Individual Defendants.

In addition, it has become apparent through testimony of other Colleague-specific fact witnesses that White had a highly important and integral role related to Baxter's Medication Delivery segment and Baxter's specific efforts to remediate the Colleague pump from 2006 through the end of the Class Period (June 10, 2009 through May 3, 2010, inclusive). To be sure, White has been repeatedly identified as Baxter's most knowledgeable witness regarding the Colleague Issues,

---

[2] Because of the number of documents related to each fact witness, in order to limit prior depositions to a single day, Lead Plaintiff's counsel was required to limit the number of documents shown to each fact witness to only the most important of much larger universes of documents. Indeed, if counsel for Lead Plaintiff had examined each fact witness about all relevant documents, each of them could have easily been deposed for two days.

and is a vital material witness. In most instances, when previously deposed, if Colleague-specific fact witnesses were asked questions they could not answer, they directed Lead Plaintiff's counsel to seek answers from White. It appears that White was Baxter's point person regarding the Colleague Issues **both** internally and externally when dealing with the FDA. In addition, Lead Plaintiff has identified over 600 documents that are highly relevant to White's deposition. In order to fully and fairly examine White, Lead Plaintiff seeks leave to take a two-day deposition.

As such, Lead Plaintiff respectfully requests that the proposed Second Case Management Order include the following language with respect to these four depositions.

### 1. Discovery Limitations

#### A. Length of Depositions

Rule 30(d)(1) of the Federal Rules of Civil Procedure shall govern the length of depositions, subject to the following exceptions: (1) the depositions of the named Individual Defendants; and (2) the deposition of Cheryl White. Each of these depositions is permitted to continue for two days, with up to seven hours of testimony each day.

### IV. CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 37.2

In compliance with Local Rule 37.2, Counsel for Lead Plaintiff, David J. George, conferred with Counsel for Defendants, Andrew Fuchs, via telephone on the morning of January 20, 2014 and via electronic message on the afternoon of January 24, 2014, and the Parties were able to reach agreement on extending the deadlines in the Case Management Order. The Parties have been unable to reach agreement on Lead Plaintiff's request to take the depositions of the Individual Defendants and Cheryl White over two days per deponent.

WHEREFORE, for the foregoing reasons, Lead Plaintiff respectfully requests that the Court enter the proposed Second Case Management Order: (1) setting out the deadlines agreed upon by the

Parties; and (2) granting Lead Plaintiff leave to take the depositions of the Individual Defendants and Cheryl White over two days per deponent, not to exceed seven hours of testimony on each day.

**RESPECTFULLY SUBMITTED**.

Dated: February 3, 2014

*/s/ Lori A. Fanning*

Marvin A. Miller
Matthew E. Van Tine
Lori A. Fanning
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, IL  60603
Telephone:  312/332-3400
312/626-2676 (fax)

*Liaison Counsel for Plaintiff*

*/s/ David J. George*

David J. George
Robert J. Robbins
Kathleen B. Douglas
Bailie L. Heikkinen
Holly W. Kimmel
Janine D. Arno
**ROBBINS GELLER RUDMAN
  & DOWD LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
dgeorge@rgrdlaw.com
rrobbins@rgrdlaw.com
kdouglas@rgrdlaw.com
bheikkinen@rgrdlaw.com
hkimmel@rgrdlaw.com
jarno@rgrdlaw.com

*/s/ Matthew R. Kipp*

Matthew R. Kipp
Donna L. McDevitt
Andrew J. Fuchs
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
155 North Wacker Drive
Chicago, IL  60606
Telephone:  312/407-0700
312/407-0411 (fax)
matthew.kipp@skadden.com
donna.mcdevitt@skadden.com
andrew.fuchs@skadden.com

*Counsel for Defendants*

Jason A. Forge
**ROBBINS GELLER RUDMAN**
  **& DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

*Lead Counsel for Plaintiff*

- 9 -

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on February 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

                                              */s/ Lori A. Fanning*
                                              Lori A. Fanning