UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAXTER INTERNATIONAL INC., et al.,<br><br>Defendants. | Case No. 1:10-cv-06016<br><br>CLASS ACTION<br><br>Hon. John J. Tharp, Jr. |

**LEAD PLAINTIFF'S MOTION FOR ENTRY OF
THIRD CASE MANAGEMENT ORDER**

Lead Plaintiff National Elevator Industry Pension Fund ("Lead Plaintiff") respectfully files this Motion for Entry of Third Case Management Order. In support of this motion, Lead Plaintiff states as follows:

**I.    DISCOVERY HAS CONTINUED SINCE THE ENTRY OF THE SECOND CASE MANAGEMENT ORDER**

On February 6, 2014, the Court filed a Notification of Docket Entry [Dkt. No. 190] granting Lead Plaintiff's Motion for Entry of Second Case Management Order ("Second Case Management Order") [Dkt. No. 187] and setting various discovery deadlines in this case, including a fact discovery cut-off of August 29, 2014. The discovery schedule endorsed by the Court in the Second Case Management Order was agreed to by the parties.

- 1 -

Since that time, discovery has continued. Lead Plaintiff has now taken twenty-two fact witness depositions and scheduled an additional seven, including the depositions of the Individual Defendants, which are currently to be completed by August 20, 2014.[1] At this time, Defendants have identified two fact witnesses they intend to depose, and the depositions will be taken in June.

## II. AFTER MORE THAN A YEAR, THE FDA HAS STILL NOT COMPLETED THE PRODUCTION OF DOCUMENTS RESPONSIVE TO THE PARTIES' SUBPOENAS

More than a year ago, on April 24, 2013, Defendants served a Notice of Subpoena ("Defendants' Subpoena") on the United States Food and Drug Administration ("FDA") seeking, among other things, production of documents in connection with Baxter's Colleague pump.[2] More than a year later, the FDA has still not produced a complete set of documents responsive to Defendants' Subpoena. Lead Plaintiff's counsel also learned from the FDA that Defendants' counsel had instructed the FDA not to produce a sub-set of responsive documents – correspondence from Defendants to the FDA during the relevant time period. That restriction was unacceptable to Lead Plaintiff, but the FDA refused to produce the documents that Defendants' counsel told it not to produce unless Lead Plaintiff served its own Subpoena.

As a result, on March 5, 2014, Lead Plaintiff served the FDA with a Notice of Subpoena to Produce Documents ("Lead Plaintiff's Subpoena"), which was a mirror image of Defendants'

---

[1] Pursuant to this Court's November 13, 2013 Notice of Docket Entry [Dkt. No. 169], Lead Plaintiff is permitted to take a total of 35 fact witness depositions.

[2] A copy of Defendants' Subpoena is attached hereto as Exhibit A.

Subpoena, so that Lead Plaintiff could obtain the documents Defendants told the FDA not to produce.[3]

Pursuant to the Lead Plaintiff's Subpoena, responsive documents were required to be produced to Lead Plaintiff no later than April 7, 2014. That did not happen. As the Court is aware, the Parties have worked diligently and cooperatively to complete fact discovery in this case. Nevertheless, the parties have recently learned that the FDA will not complete production of documents that are responsive to the Subpoenas until "at least" July 1, 2014.

The FDA has also informed the parties that when it performed the original document searches in preparation for responding to the Subpoenas, it utilized the wrong search terms. Now that the proper search terms have been utilized, the FDA has further advised Lead Plaintiff that the production will include an additional 40,000 pages of responsive documents.

### III. THE FDA HAS PRODUCED DOCUMENTS THAT SHOULD HAVE BEEN PRODUCED BY DEFENDANTS, BUT WERE NOT

During the process of reviewing documents previously produced by the FDA, Lead Plaintiff learned that there were documents that should have been produced by Defendants, but were not. While Lead Plaintiff does not attribute Defendants' failure to produce these documents to any nefarious intent, the fact remains that Lead Plaintiff is entitled to obtain and review all documents that are responsive to its propounded discovery. A chart listing the documents that Lead Plaintiff has thus far discovered Defendants' failed to produce is attached hereto as Exhibit C.[4]

---

[3] A copy of Lead Plaintiff's Subpoena is attached hereto as Exhibit B. The Defendants' Subpoena and Lead Plaintiff's Subpoena are hereinafter sometimes collectively referred to as the Subpoenas.

[4] When Lead Plaintiff informed Defendants of their failure to produce certain documents, Defendants were able to locate and produce them. This was necessary because the documents had been produced by the FDA in redacted form and Lead Plaintiff needed to review them in unredacted form.

Lead Plaintiff has no way of knowing the nature or content of the additional 40,000 pages. Lead Plaintiff likewise has no way of knowing whether the 40,000 pages will include documents that should have been produced by Defendants but were not. As a result, it is critical that Lead Plaintiff be afforded a sufficient opportunity to review the additional documents prior to taking the depositions of any additional witnesses concerning the Colleague Pump, including Peter Arduini, Neil Pankau, Cheryl White and the three Individual Defendants. But for this issue, created solely by the FDA, Lead Plaintiff would not be seeking to modify the Second Case Management Order.

### IV. LEAD PLAINTIFF HAS DILIGENTLY PURSUED DISCOVERY AND GOOD CAUSE EXISTS TO EXTEND THE DISCOVERY DEADLINES UNTIL THE FDA HAS COMPLETED THE PRODUCTION OF RESPONSIVE DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 16(b)(4), which governs requests for extensions of discovery deadlines, a discovery schedule "may be modified only for good cause and with the judge's consent.". The good cause standard focuses on the diligence of the party seeking the extension. *Smith v. Howe Military Sch.*, No. 3:96 CV 790 RM, 1997 U.S. Dist. LEXIS 16787, (N.D. Ind. Oct. 20, 1997). In other words, good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the time table could not have reasonably been met. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). When managing discovery, a district court has substantial discretion, including whether or not to modify the discovery schedule. *Naud v. City of Rockford*, No. 09 CV 50074, 2013 U.S. Dist. LEXIS 116078, at *14 (N.D. Ill. Aug. 16, 2013); *see also, Hard Surface Solutions, Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612 (N.D. Ill., 2010).

Lead Plaintiff has established good cause for requesting an extension of the discovery deadlines. As the Court is aware, Lead Plaintiff's counsel has aggressively pursued discovery, reviewing millions of pages of documents, taking nearly two dozen depositions, and moving swiftly

to address any discovery disputes or related issues. More specifically here Lead Plaintiff has been diligent in pursuing production of documents responsive to the subpoenas from the FDA. Even before Lead Plaintiff was forced to serve the Lead Plaintiff Subpoena, Lead Plaintiff had a number of conversations with the FDA in an attempt to expedite production of documents responsive to the Defendants' Subpoena so that discovery was not delayed. Moreover, as soon as Lead Plaintiff's counsel learned from the FDA that Defendants' counsel had instructed the FDA not to produce a sub-set of responsive documents to Defendants' Subpoena, Lead Plaintiff's counsel contacted the FDA in an attempt to obtain the documents. Once rebuffed and told by the FDA that it refused to produce the documents without service of a subpoena by Lead Plaintiff, Lead Plaintiff's Subpoena was promptly served. Lead Plaintiff has no control over the timing of the FDA's production of responsive documents. Despite having more than a year from service of Defendants' subpoena, and being more than a month past the deadline for producing documents responsive to Lead Plaintiff's Subpoena, the FDA will not complete production of documents that are responsive to the Subpoenas until "at least" July 1, 2014, and that production will include an additional 40,000 pages of responsive documents.

     Further, Lead Plaintiff has a compelling need to review the remaining documents to be produced by the FDA prior to continuing with fact witness depositions concerning Baxter's Colleague pump. Lead Plaintiff cannot be left in a position of having documents produced after these depositions, potentially having relevant documents to discuss, but no fact witnesses to discuss them with. In addition, Lead Plaintiff must take the depositions of the remaining fact witnesses before taking the depositions of the Individual Defendants. At this time, there are only three more fact witnesses left to depose regarding the Colleague pump prior to the start of the depositions of the Individual Defendants – Peter Arduini, Neil Pankau and Cheryl White, each of whom had a high

degree of interaction with the FDA. Lead Plaintiff will not be able to review the documents to be produced by the FDA prior to taking the above referenced depositions in accordance with the timetable set forth in the Second Case Management Order. As a result, Lead Plaintiff respectfully requests an extension of the fact discovery cut-off as well as a number of other deadlines set forth in the Second Case Management Order. This request is made in good faith and is not being made for purposes of delay.

## V.   LEAD PLAINTIFF RESPECTFULLY PROPOSES THE FOLLOWING DISCOVERY DEADLINES IN THE PROPOSED THIRD CASE MANAGEMENT ORDER

Lead Plaintiff respectfully requests, subject to the Court's approval, an extension of the deadlines in the Second Case Management Order so that Lead Plaintiff can review documents produced by the FDA prior to taking fact witness depositions concerning Baxter's Colleague pump, as follows:

### 1.   Fact Discovery Cut-Off

The fact discovery cut-off in this action will be November 27, 2014.[5]

### 2.   Expert Witness Disclosure

Lead Plaintiff shall designate all experts and provide opposing counsel with all information specified in Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before January 29, 2015.

Defendants shall designate all experts and provide Lead Plaintiff's counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 2, 2015.

---

[5] In addition to the volume and timing of the documents that the FDA will be producing, Lead Plaintiff requests this extension because it has been very difficult to schedule depositions of the remaining witnesses, all of whom are high level professionals with demanding schedules, and because the new FDA documents may reveal the need to depose additional Colleague Pump witnesses (within the limits the Court has already established).

Lead Plaintiff shall designate any rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 28, 2015.

Expert witness discovery shall close on June 29, 2015.

### 3. Dispositive Motion Deadline

Dispositive motions and supporting materials shall be filed no later than 90 days after the close of expert discovery, oppositions to such motions shall be filed 45 days after service of the opening motions, and replies in support of opening briefs shall be filed 30 days after service of the opposition briefs. Following the filing of dispositive motions, the Parties may meet and confer and propose to the Court a reasonable schedule for the filing of pretrial motions.

### 4. Discovery Limitations

#### A. Relief from Discovery Limitations

Any party may apply for relief from the foregoing discovery limitations if there is a substantial need as discovery progresses.

## VI. CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 37.2

In compliance with Local Rule 37.2, Counsel for Lead Plaintiff, David J. George, conferred with Counsel for Defendants, Andrew Fuchs, on May 2, 2014, May 5, 2014, May 6, 2014 and May 7, 2014. Counsel for the parties also conferred with the FDA on May 6, 2014 in order to determine the FDA's position on the timing of the completion of its production of documents.[6] Ultimately, Counsel for Defendants advised that Defendants do not consent to the relief requested herein.

---

[6] Even now, the FDA has told counsel for the parties that it could not "guarantee" that its production would be completed by July 1, 2014.

- 7 -

- 8 -

WHEREFORE, for the foregoing reasons, Lead Plaintiff respectfully requests that the Court enter the proposed Third Case Management Order setting out the discovery deadlines proposed by Lead Plaintiff.

**RESPECTFULLY SUBMITTED**.

Dated: May 9, 2014

*/s/ Lori A. Fanning*

Marvin A. Miller
Matthew E. Van Tine
Lori A. Fanning
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/626-2676 (fax)

*Liaison Counsel for Plaintiff*

*/s/ David J. George*

David J. George
Robert J. Robbins
Kathleen B. Douglas
Bailie L. Heikkinen
Holly W. Kimmel
Janine D. Arno
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
dgeorge@rgrdlaw.com
rrobbins@rgrdlaw.com
kdouglas@rgrdlaw.com
bheikkinen@rgrdlaw.com
hkimmel@rgrdlaw.com
jarno@rgrdlaw.com

Jason A. Forge
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com

*Lead Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 9, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

>/s/ Lori A. Fanning
>Lori A. Fanning