**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, *et al.,* | ) ) ) | |
| Plaintiffs, | ) ) | No. 10 C 06016 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| BAXTER INTERNATIONAL INC., *et al.,* | ) ) ) | |
| Defendants. | ) | |

**ORDER**

    Upon review of the parties' supplemental briefs regarding the relevance of the Supreme Court's decision in *Halliburton Co. v. Erica P. John Fund, Inc.,* 134 S. Ct. 2398 (2014), and for the reasons set forth in the Statement below, the Court grants the plaintiff leave to depose Dr. Ferrell, the defendant's proffered expert, concerning his opinions regarding price impact, and to submit a rebuttal report, limited to that issue. Defendant may conduct a deposition of any rebuttal expert proffered by the plaintiff. Dr. Ferrell's deposition is to be completed by October 17, 2014; any rebuttal report is to be filed by October 31, 2014; any deposition of plaintiff's rebuttal expert is to be completed by November 21, 2014. Any further report by Dr. Ferrell in reply is due on December 12, 2014. *Daubert* motions with respect to opinions concerning price impact, if any (and the Court is not seeking to encourage them) are also due on the date of the parties' respective rebuttal and reply reports (*i.e.*, October 31, 2014, for any such motion by plaintiff; December 12, 2014, for any such motion by defendant). This schedule will not be extended absent compelling cause.

**STATEMENT**

    While the plaintiff's motion for class certification was pending, the Supreme Court issued its opinion in *Halliburton Co. v. Erica P. John Fund, Inc.,* 134 S. Ct. 2398 (2014) ("*Halliburton II*"). The following day, the defendant filed a motion for leave to file a supplemental brief regarding *Halliburton II*'s holding that reversed the Fifth Circuit's decision that precluded Halliburton, the defendant in the case, from presenting evidence that the misstatements alleged in that case had no impact on the market price of its shares. Dkt. 206. The plaintiff also filed a motion for leave to submit supplemental authority, namely, the Court's decision in *Halliburton II,* arguing that the opinion undermined defendant's arguments concerning plaintiff's atypicality. Dkt. 208. In response to these submissions, the Court directed the parties to submit supplemental briefs, and responses, to address *Halliburton II*'s relevance to the plaintiff's class certification motion. Dkt. 210.

In *Halliburton II,* the Supreme Court expressly held that, in opposing a motion for class certification, a defendant may present evidence that the misstatements on which the plaintiff's securities fraud claim is founded had no "price impact"—that is, that they did not affect the market price of the defendant's shares. *See, e.g.,* 134 S. Ct. at 2405 (questions presented include whether defendants should be afforded an opportunity *at the class certification stage* to rebut presumption that market price includes all public information, including material misstatements, by showing a lack of price impact); *id.* at 2407 (certiorari granted "to resolve a conflict among the Circuits over whether securities fraud defendants may attempt to rebut the *Basic* presumption at the class certification stage with evidence of a lack of price impact"); *id.* at 2415 (defendants may submit price impact evidence prior to class certification for the purpose of rebutting the *Basic* presumption altogether); *id.* at 2417 ("Defendants may seek to defeat the *Basic* presumption at [the class certification] state through direct as well as indirect price impact evidence.").

Nowhere in plaintiff's submissions does it acknowledge this express holding of the Supreme Court. Instead, plaintiff argues that "*Halliburton II* did not grant Defendants a new right through which to object to class certification." Dkt. 219 at 3. This statement depends for its accuracy on the plaintiff's further argument that *Halliburton II* was in no way inconsistent with the existing law regarding the use of price impact evidence in this Circuit, as set forth in the Seventh Circuit's opinion in *Schleicher v. Wendt*, 618 F.3d 679 (7th Cir. 2010). *Id.* at 4 ("*Halliburton II* did not modify or otherwise change a plaintiff's ability to use the fraud-on-the-market presumption of reliance or defendants' ability to attempt to rebut that presumption in this Circuit."). And based on the premise that *Halliburton II* did not change the law of this Circuit, the plaintiff argues that Baxter waived its right to present evidence of lack of price impact in opposing class certification.[1]

A review of the Seventh Circuit's opinion in *Schleicher*, however, reveals that the law of this Circuit before *Halliburton II*—like the law of the Fifth Circuit as expressed in the ruling that *Halliburton II* reversed—was that price impact evidence was not relevant to the question of class certification and that certification could not be denied on that basis—or so it is reasonable to read *Schleicher*. *See* 618 F.3d at 683 (rejecting defendant's argument "that, before certifying a class, the district judge must determine that the contested statements actually caused material changes in stock prices"); *id.* at 685 ("Defendants say that, before certifying a class, a court must determine whether false statements materially affected the price. But whether statements were false, or whether the effects were large enough to be called material, are questions on the merits."). *See also Halliburton Co.'s Petition for Writ of Certiorari*, 2013 WL 4855972, at *31-

---

[1] That the defendant did not challenge the plaintiff's showing of market efficiency, moreover, does not mean that they conceded that the alleged misstatements had an impact on the price of the shares. Market efficiency is a distinct prerequisite to application of the Basic presumption that the market price of the defendant's shares reflects all material public information (including any alleged misstatements). Price impact is distinct; as the Court observed in *Halliburton II*, one cannot presume because a market is efficient that an alleged misstatement will affect the price of the defendant's shares. *See* 134 S. Ct. at 2415.

32 (citing *Schleicher* as conforming to Fifth Circuit's position as to price impact in describing circuit split on the issue). Although there is some ambiguity to the question, in light of the subtle distinction between evidence of materiality (held by the Supreme Court in *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 133 S. Ct. 1184 (2013) not to be contestable at class certification) and evidence of price impact (which *Halliburton II* held may be challenged at class certification), and the fact that *Schleicher* uses both terms without distinguishing them, it would be far too demanding to conclude that, in light of *Schleicher*, Baxter should have presented evidence of lack of price impact in opposing class certification. Certainly, had Baxter done so, the Seventh Circuit's opinion in *Schleicher* would have been Exhibit A to the plaintiff's motion to strike that evidence.

Accordingly, the Court will consider Baxter's proffered evidence concerning price impact in conjunction with its opposition to the plaintiff's motion for class certification. Because that evidence was not presented with Baxter's initial opposition, however, the plaintiff should be afforded an adequate opportunity to respond to it. The plaintiff may, therefore, depose Baxter's expert, Dr. Ferrell, and provide its own rebuttal report. Baxter will then be permitted to depose plaintiff's proffered expert and to submit a further report, by Dr. Ferrell, in reply.[2]

Date: September 23, 2014

_John J. Tharp_

John J. Tharp, Jr.
United States District Judge

---

[2] This ruling does not alter the existing schedule for fact and expert discovery in this case, except to advance the presentation of evidence and arguments concerning price impact to the class certification stage. Relatedly, the Court notes that the plaintiff's response to Baxter's submission states that fact discovery in this case closed on August 29, 2014. In fact, however, the fact discovery schedule was extended to November 14, 2014, with expert disclosures and discovery to follow during the first half of 2015. *See* Dkt. 205. This schedule remains in effect, except that any expert disclosures and discovery concerning price impact arguments are now required to be made according to the schedule set forth in the docket entry accompanying this statement, rather than the expert disclosure schedule set in the Court's prior order.