UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAXTER INTERNATIONAL INC., et al.,<br><br>Defendants. | Case No. 1:10-cv-06016<br><br><u>CLASS ACTION</u><br><br>Assigned to: Judge John J. Tharp, Jr. |

**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE THE DECLARATION OF PLAINTIFF'S DAMAGES EXPERT IN CONNECTION WITH THE PENDING BRIEFING ON THE *HALLIBURTON II* PRICE IMPACT ISSUE**

Lead Plaintiff National Elevator Industry Pension Fund ("Plaintiff") respectfully submits this response in opposition to Defendants' motion for leave to file the declaration of Plaintiff's damages expert in connection with the closed briefing on the *Halliburton II* price impact issue ("Motion") (Dkt. No. 264). In support thereof, Plaintiff states:

1. Defendants' Motion adds nothing to the price impact calculus; it is yet another attempt to ignore the fact that Defendants' own expert admitted there is price impact for the alleged misstatements based on the corrective disclosures in this case. *See* Dkt. No. 255 at 6-11. Indeed, the Court in *Halliburton II* expressly recognized that price impact can be shown by the corrective disclosures, and Defendants fail to acknowledge that under *Halliburton II*, there is no requirement that plaintiffs prove a statistically significant stock increase on the date of the alleged misstatements. *Halliburton Co. v. Erica P. John Fund*, 573 U.S. \_\_\_, 134 S. Ct. 2398, 2414 (2014) ("*Halliburton II*"). Without a doubt, the Court's inquiry can end with Defendants' admission that the corrective disclosures caused price impact. There is simply no need for additional price impact briefing or submissions.

2. Ignoring this, Defendants now seek to use Professor Feinstein's expert report on damages and ***loss causation*** – an issue the United States Supreme Court clearly excludes from consideration at class certification (*see* Dkt. No. 255 at 11-13) – to manufacture a supposed inconsistency in Professor Feinstein's price impact and damages/loss causation opinions. No inconsistency exists, and Defendants' Motion should be denied.

3. Professor Feinstein's ***calculation of inflation (damages)*** was determined from the Baxter-specific price declines (net of market and industry factors) on April 22-23, 2010 and May 4, 2010 in response to the corrective disclosures. Contrary to what Defendants suggest, damages are not calculated by looking at the Baxter stock price reaction at the time of the false statements,

especially when Baxter failed to disclose material facts and made confirmatory statements. Conversely, whether there was *any price impact* from Defendants' false statements can be shown *either* by the stock price reaction at the time of the statement, *or* alternatively (and more appropriately in cases of omissions – like here) by looking at the stock price reaction at the time of the corrective disclosures. In sum, Professor Feinstein's damage calculation is fully consistent with his price impact conclusions. *See* Dkt. No. 255 at 15-20 (citing Feinstein Reply Declaration at ¶¶47-61).[1]

4. Finally, Defendants fail to acknowledge that price impact is a distinct concept from loss causation and damages. Indeed, that is why the Supreme Court in *Halliburton II* held it was inappropriate to analyze loss causation at the class certification stage. 134 S. Ct. at 2406, 2416. As a necessary consequence, Professor Feinstein utilized the most appropriate methodologies and analysis to calculate damages in his January 16, 2015 Report. There is, therefore, no inconsistency between Professor Feinstein's price impact and damages opinions. Professor Feinstein has neither abandoned his prior conclusions nor has he contradicted them.

5. Although Plaintiff believes Defendants' Motion should be denied outright, in the event the Court accepts Defendants' submission of Professor Feinstein's January 16, 2015 Report to address *Halliburton II* price impact issues, Plaintiff respectfully requests the opportunity to submit a written response not to exceed five pages by April 3, 2015.

---

[1] Contrary to Defendants' argument, Plaintiff showed that Defendants' false statements and increased guidance on July 16, 2009 caused the market to increase its estimates for Baxter for 2009 *and* 2010. *See* Feinstein January 16, 2015 Report at ¶30. Moreover, Defendants' argument that Professor Feinstein did not find the July 16, 2009 statement to be statistically significant is simply wrong. *See* Feinstein October 31, 2014 Reply Declaration (Dkt. No. 239) at ¶¶54-56.

| DATED: March 24, 2015 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>ROBERT J. ROBBINS<br>BAILIE L. HEIKKINEN<br>KATHLEEN B. DOUGLAS<br>HOLLY W. KIMMEL<br>JANINE D. ARNO |
|---|---|

                                                    */s/ Robert J. Robbins*
                                              ROBERT J. ROBBINS

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
TOR GRONBORG
JONAH H. GOLDSTEIN
JASON A. FORGE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Lead Plaintiff

MILLER LAW LLC
MARVIN A. MILLER
MATTHEW E. VAN TINE
LORI A. FANNING
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

Liaison Counsel for Lead Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 24, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

*/s/ Robert J. Robbins*
ROBERT J. ROBBINS