UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>vs.<br><br>BAXTER INTERNATIONAL INC., et al.,<br><br>                        Defendants. | Case No. 1:10-cv-06016<br><br><u>CLASS ACTION</u><br><br>Assigned to: Judge John J. Tharp, Jr. |

DECLARATION OF ROBERT J. ROBBINS FILED ON BEHALF OF ROBBINS GELLER
RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

I, ROBERT J. ROBBINS, declare as follows:

1.  I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"). I am submitting this declaration in support of my firm's application for an award of attorneys' fees and expenses/charges ("expenses") in connection with services rendered in the above-entitled action.

2.  This firm is Lead Counsel of record for Lead Plaintiff National Elevator Industry Pension Fund and the Class.

3.  The information in this declaration regarding the firm's time and expenses is taken from time and expense printouts and supporting documentation prepared and/or maintained by the firm in the ordinary course of business. I am one of the partners who oversaw and/or conducted the day-to-day activities in the litigation and I and one other partner working on the case (Jonah H. Goldstein) reviewed and discussed these printouts (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of these reviews was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation. As a result of these reviews, reductions were made to both time and expenses in the exercise of billing judgment. Also as a result of these reviews and the downward adjustments made, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought as set forth in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

4.  After the reductions referred to above, the number of hours spent on this litigation by my firm is 32,451.75. A breakdown of the lodestar is provided in Exhibit A. The lodestar amount

for attorney/paraprofessional time based on the firm's current rates is $16,316,266.50. The hourly rates shown in Exhibit A are the usual and customary rates set by the firm for each individual.

5. My firm seeks an award of $1,128,856.43 in expenses and charges in connection with the prosecution of the litigation. Those expenses and charges are summarized by category in Exhibit B.

6. The following is additional information regarding certain of these expenses:

(a) Filing, Witness and Other Fees: $4,320.57. These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who either: (i) served process of the complaint or subpoenas, or (ii) advanced the payment of witness fees. The vendors who were paid for these services are set forth in Exhibit C.

(b) Class Action Notices/Business Wire: $1,095.00. This statutory expense was necessary under the Private Securities Litigation Reform Act of 1995's "early notice" provision, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c) Transportation, Hotels & Meals: $193,336.82. In connection with the prosecution of this case, the firm has paid for travel expenses to attend, among other things, court hearings and mediation, to meet with clients, witnesses, experts and consultants, and to take or defend depositions. The date, destination, and purpose of each trip is set forth in Exhibit D.

(d) Court Hearing, Deposition Reporting, and Transcripts: $80,130.43. The vendors who were paid for hearing and deposition transcripts are listed in Exhibit E.

(e) Experts (Crowninshield Financial Research, Inc. ("CFR")): $215,796.00. CFR is an economics firm retained to provide expert declarations and testimony on the issues of market efficiency and price impact in connection with Lead Plaintiff's Motion for Class Certification, as well as an expert declaration and testimony on the issues of loss causation and damages.

(f) Consultants: $129,839.20.

(i) Microeconomic Consulting & Research Associates, Inc. ("MCRA"): $35,307.17. MCRA is an economic consulting firm retained to provide litigation support and economic research and analysis regarding Baxter International Inc.'s ("Baxter" or the "Company") business in the blood plasma market, including the economic impact of the failed CSL-Talecris merger on the Company and the overall blood plasma market.

(ii) Mark S. Godec, M.D.: $27,500.00. Dr. Godec is a consultant retained to assist in investigative efforts related to the infusion pump and blood plasma industries, including identification and analysis of potential experts in those industries.

(iii) Betty Collins Consulting, LLC ("BCC"): $25,700.00. BCC is a consulting firm retained to assist in evaluation of FDA protocols and procedures applicable to infusion pumps, as well as to assist in evaluation of documents related to Baxter's Colleague infusion pump.

(iv) Nathaniel M. Sims, M.D.: $18,400.00. Dr. Sims is a consultant and potential expert retained to provide insight and experience on infusion pumps and to assist in evaluation of documents related to Baxter's Colleague infusion pump.

(v) MDI Consultants, Inc. ("MDI"): $15,862.65. MDI was a potential expert retained to assist in analysis and evaluation of matters related to Baxter's Colleague infusion pump.

(vi) NDA Partners, LLC ("NDA"): $6,500.00. NDA is a consulting firm retained to assist in evaluation of FDA protocols and procedures applicable to infusion pumps, as well as to assist in evaluation of documents related to Baxter's Colleague infusion pump.

(vii) NSF Health Sciences, LLC ("NSF"): $406.88. NSF is a consulting firm retained to assist in evaluation of FDA protocols and procedures applicable to infusion pumps, as well as to assist in evaluation of documents related to Baxter's Colleague infusion pump.

(viii) Epiq Systems ("Epiq"): $162.50. Epiq is a document management company retained to assist in processing and handling of defendants' production of electronic documents.

(g) Investigators (Worms & Hirsch, Inc. ("W&H")): $131,331.14. W&H is a private investigation firm retained to assist in factual investigation of claims. The firm identified and interviewed former employees of Baxter regarding issues related to the fraud claims asserted in the litigation.

(h) Photocopies: $40,585.14. In connection with this case, the firm made 177,705 black and white copies. Robbins Geller requests $0.15 per copy for a total of $26,655.75. In addition, the firm made 6,126 color copies. Robbins Geller requests $0.50 per copy for a total of $3,063.00. Each time an in-house copy machine is used, our billing system requires that a case or administrative billing code be entered and that is how the number of in-house copies were identified as related to this case. My firm also paid $10,866.39 to outside copy vendors. A breakdown of these outside charges by date and vendor is set forth in Exhibit F.

(i) Financial Research: $3,233.89. Robbins Geller paid this amount to Thomson Financial for access to analyst reports, SEC filings, conference call transcripts, stock ownership data, and historical transactional information. These expenses were incurred by Robbins Geller for use of these services in connection with this litigation. The charges for these services requested are allocated based on the usage. Robbins Geller has a flat-rate contract with the provider for use of its services. When Robbins Geller attorneys and economic analysts utilize online services provided by this vendor, access to the service is by a billing code entered for the specific case being litigated. At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period. As a result of the contract negotiated by Robbins Geller with the provider, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services.

(j) Database Management and Hosting: $279,489.51. Robbins Geller requests $279,489.51 for database management and hosting charges related to this litigation. Because of the number of components that are part of hosting documents (*i.e.*, hardware, software, license/access fees, etc.) and the difficulty of allocating a portion of the cost of each component, some of which are multi-year costs, the amount requested is a discounted market rate estimate of what the hosting services used in this action would have cost the Class if performed by an outside vendor, an estimate based on a review by Robbins Geller of what vendors charge for these services. In the last ten years, electronic discovery has transformed litigation practices and enabled the preservation, collection, production, and review of vast quantities of documents far more efficiently and cost-effectively than was previously possible. Historically, Robbins Geller retained the services of third-party providers to assist with the storage, analysis, printing, and review of electronic discovery. However, in the last

several years, Robbins Geller has undertaken much of this work in-house through the use of the Relativity platform. Relativity is offered by over 150 vendors and is currently being used by 190 of the AmLaw200 law firms. Robbins Geller's Relativity system consists of over 20 servers and currently consumes more than 50 Terabytes of storage all located in a SSAE 16 Type II data center. Robbins Geller has another 50 Terabytes of storage which serves as our back up in a separate location with automatic replication. Robbins Geller's Relativity system allowed users to securely login, view, search, download, code, and analyze documents produced in this litigation. Using an in-house system allows Robbins Geller to prosecute actions more efficiently and has reduced the time and expense associated with maintaining and searching electronic discovery databases. The amount requested reflects charges for the management of the database of over 4 million pages of documents and nearly 200,000 native files produced by defendants, plaintiffs, and non-parties in this action. Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges. Robbins Geller charges $13-$14 per Gigabyte per month for less than 1 Terabyte of data for maintaining, hosting, and utilizing its Relativity system. These rates were developed by Robbins Geller after a review of market rates charged for the same services performed by third-party vendors. It is my understanding that the rates set forth here by Robbins Geller reflect the lowest rate of any comparable service found by Robbins Geller. It is also my understanding that Robbins Geller's in-house database management and hosting offers additional savings by not charging monthly user fees typically charged by third-party vendors which can range from $70-100 per user per month. Database management and hosting charges are in-house charges, not out-of-pocket expenses paid to outside vendors.

(k) Mediation Fees (Phillips ADR Enterprises, P.C.): $34,875.01. The Honorable Layn R. Phillips (Ret.) was retained by the parties to conduct mediation and assist in settlement discussions and negotiations.

7. The expenses pertaining to this case are reflected in the books and records of this firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8. The identification and background of my firm and its partners is attached hereto as Exhibit G.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of December, 2015, at Boca Raton, Florida.

s/ Robert J. Robbins<br>ROBERT J. ROBBINS

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

/s/ Robert J. Robbins
ROBERT J. ROBBINS

# Mailing Information for a Case 1:10-cv-06016 City of Lakeland Employees Pension Plan v. Baxter International Inc. et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Janine D Arno**
  jarno@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Spencer A Burkholz**
  spenceb@rgrdlaw.com

- **Kathleen Barber Douglas**
  kdouglas@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,ajewell@millerlawllc.com,drobinson@millerlawllc.com,JRamirez@millerlawllc.com

- **Jason Adeeb Forge**
  jforge@rgrdlaw.com,E_File_SD@rgrdlaw.com,tholindrake@rgrdlaw.com

- **Michael Jerry Freed**
  mfreed@fklmlaw.com,mkhamoo@fklmlaw.com

- **Andrew J Fuchs**
  afuchs@skadden.com,chdocket@skadden.com

- **Jonah Harry Goldstein**
  jonahg@rgrdlaw.com

- **Tor Gronborg**
  torg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew Thomas Heffner**
  mheffner@heffnerhurst.com,mhurst@heffnerhurst.com

- **Bailie Heikkinen**
  bheikkinen@rgrdlaw.com

- **Steven A Kanner**
  skanner@fklmlaw.com

- **Holly Wiseberg Kimmel**
  hkimmel@rgrdlaw.com

- **Matthew Robert Kipp**
  mkipp@skadden.com,chdocket@skadden.com

- **Leigh R. Lasky**
  lasky@laskyrifkind.com

- **Jeffrey D. Light**
  jeffl@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Donna L. McDevitt**
  dmcdevit@skadden.com,chdocket@skadden.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

- **Amelia Susan Newton**
  amy@attorneyzim.com

- **Norman Rifkind**
  Norman@rifslaw.com

- **Robert J. Robbins**
  rrobbins@rgrdlaw.com,e_file_sd@rgrdlaw.com,cthornton@rgrdlaw.com,hkimmel@rgrdlaw.com,e_file_fl@rgrdlaw.com,ckent@rgrdlaw.com

- **Donald Lewis Sawyer**
  dsawyer@fklmlaw.com,mkhamoo@fklmlaw.com

- **Judith S. Scolnick**
  jscolnick@scott-scott.com,mschwartz@scott-scott.com,efile@scott-scott.com,aslaughter@scott-scott.com

- **Martin Vincent Sinclair**
  martin.sinclair@skadden.com

- **Matthew E Van Tine**
  mvantine@millerlawllc.com,mvt@vantine.us

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`