UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CITY OF LAKELAND EMPLOYEES PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>  vs.<br><br>BAXTER INTERNATIONAL INC., et al.,<br><br>                        Defendants. | Case No. 1:10-cv-06016<br><br><u>CLASS ACTION</u><br><br>Judge John J. Tharp, Jr. |

FINAL JUDGMENT APPROVING SETTLEMENT

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated September 18, 2015, on the application of the Settling Parties for approval of the settlement set forth in the Amended Settlement Agreement dated August 27, 2015 (the "Settlement Agreement"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

2. On September 18, 2015, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified a Class, for settlement purposes only, defined as: All Persons who purchased or otherwise acquired Baxter common stock during the period from June 10, 2009 through and including May 3, 2010. Excluded from the Class are Defendants, the officers and directors of Baxter during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which a Defendant has or had a controlling interest. Now also excluded from the Class are those Persons who timely and validly excluded themselves therefrom, as identified in Exhibit 1 hereto.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and settlement are hereby finally approved in all respects.

- 2 -

5. The Court hereby dismisses the Action and all Released Claims of the Class with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Settlement Agreement and herein.

6. Upon the Effective Date hereof, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

7. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

8. Upon the Effective Date hereof, Lead Plaintiff and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons and their counsel from all Released Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action or the Released Claims.

9. Upon the Effective Date hereof, Lead Plaintiff and each of the Class Members who have not validly opted out of the Class, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, representatively, or in any other capacity, shall be

permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

10. The Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing given to the Class in accordance with the Notice Order entered on September 18, 2015 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the settlement amount, in any civil, criminal, or administrative proceeding in

any court, administrative agency, or other tribunal. The Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court shall retain jurisdiction for the purposes of enforcing the terms of this Judgment. Except as necessary to enforce the terms of this Judgment, this case is hereby dismissed with prejudice.

14. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be vacated.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17. As used in this Judgment the following terms have the meanings specified below:

    A. "Class" means all Persons who purchased or otherwise acquired Baxter common stock during the period from June 10, 2009 through and including May 3, 2010. Excluded from the Class are Defendants, the officers and directors of Baxter during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which a Defendant has or had a controlling interest. Now also excluded from the Class are those Persons who timely and validly excluded themselves therefrom, as identified in Exhibit 1 hereto.

B.    "Class Member" means a Person who falls within the definition of the Class as set forth in ¶17(A) above.

C.    "Defendants" means Baxter, Robert L. Parkinson, Jr., Robert M. Davis, and Mary Kay Ladone.

D.    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

E.    "Lead Plaintiff" means the National Elevator Industry Pension Fund.

F.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

G.    "Plaintiffs' Counsel" means any counsel who filed a complaint in the Action or any action that has been consolidated with the Action.

H.    "Related Persons" means, with respect to Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, including, without limitation, Baxalta Incorporated, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or his or her Related Persons is the settlor or which is for the benefit of any Defendant and/or his or her Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or his or her Related Persons has a controlling interest.

- 5 -

I. "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined in ¶17(M) hereof), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiff or any Class Member against Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with both a Class Member's purchase(s), acquisition(s), or sale(s) of Baxter common stock during the Class Period and from the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act that were alleged, may have been alleged, or could have been alleged in the Action.

J. "Released Persons" means each and all of Defendants and each and all of their Related Persons.

K. "Settlement Fund" means Forty-Two Million Five Hundred Thousand Dollars ($42,500,000.00) in cash paid by or on behalf of Defendants, together with all interest and income earned thereon after being transferred to an account controlled by the

Escrow Agent. Such amount is paid as consideration for full and complete settlement of all the Released Claims.

L. "Settling Parties" means Defendants and Lead Plaintiff on behalf of itself and the Class Members.

M. "Unknown Claims" means any Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not

- 7 -

concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

18. Lead Counsel shall submit a motion for approval of the Plan of Allocation of settlement proceeds as set forth in the Notice sent to Class Members. Lead Counsel's motion for approval of the Plan of Allocation of settlement proceeds will be determined at a time set by the Court.

19. The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Class Members and distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Court-approved Plan of Allocation. The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Court-approved Plan of Allocation. All Class Members shall submit a Proof of Claim and Release ("Claim") under penalty of perjury by the date set forth in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") sent to Class Members. Lead Counsel may, in their discretion, accept for processing late-submitted Claims so long as the distribution of the Net Settlement Fund is not materially delayed.

20. If a Claim is deficient, the Claims Administrator shall send the Class Member a deficiency letter which will give the Class Member twenty (20) days to cure the deficiency. If the Class Members fails to cure the deficiency within the twenty (20)-day period, the Claims Administrator shall send the Class Member a letter notifying the Class Member that the Claim has

been rejected. The rejection letter will advise the Class Member of the reason (s) for the rejection of the Claim and his, her, or its right to review the determination of the Claim. If the Claim is still rejected, the Class Member shall then be allowed to move this Court within twenty (20) days to have the Claim accepted by Lead Counsel and the Claims Administrator.

21. Lead Counsel shall submit an application for distribution from the Settlement Fund for an award of attorneys' fees plus expenses in connection with prosecuting the Action, plus interest on both amounts and Lead Plaintiff may submit a request for reimbursement of its time and expenses in representing the Class. Lead Counsel's application and Lead Plaintiff's request will be determined at a time to be set by the Court. The Court awarded amounts will be paid solely out of the Settlement Fund.

22. Lead Counsel shall submit a motion to the Court after the amount remaining in the Net Settlement Fund, through distribution(s) to Class Members and pursuant to the Court approved Plan of Allocation, has been reduced to a *de minimis* amount to approve the non-profit organization designated by Lead Counsel for receipt of such remaining funds.

23. The Court has considered the objection to the settlement by Dan Price, and finds that it is without merit. It is therefore overruled in its entirety.

IT IS SO ORDERED.

DATED:  1/22/2016         _____
                                         JOHN J. THARP, JR.
                                         UNITED STATES DISTRICT JUDGE